## CONWILL *v.* STATE.

[86 South. 876, No. 21597.]

1. INDICTMENT AND INFORMATION. *Conviction of pointing a gun erroneous under indictment for murder.*

   Under an indictment for murder the state is not authorized to convict a defendant for pointing or aiming a gun under section 1045, Code 1906 (Hemingway's Code, section 773), resulting in death, and the giving of such instruction is error.

2. CRIMINAL LAW. *Conviction of pointing gun a nullity under indictment for murder; conviction of pointing gun not a bar to prosecution for murder.*

   Where a person is indicted for murder, and on the trial the jury is instructed that it may find the defendant guilty under section 1045, Code 1906 (Hemingway's Code, section 773), and finds a verdict under such section, such verdict is not responsive to the issue and is a nullity, and may. be set aside and a new trial ordered on the original indictment where there is no finding in the verdict of not guilty of murder; section 22 of the state Constitution providing that there must be an actual acquittal or conviction on the merits to bar a subsequent prosecution.

APPEAL from circuit court of Itawamba county.

HON. .C. P. LONG, Judge.

Oliver Conwill was convicted of aiming and pointing a gun the discharge of which resulted in death, and he appeals. Reversed and remanded.

*Benson & Spearman* and *Cox & Cox* for appellant.

*C. E. Dorroh,* attorney-general, for the state.

No brief of counsel for either side found in the record.

ETHERIDGE, J., delivered the opinion of the court.

The appellant was indicted for the murder of Garley Grissom and placed upon trial and convicted of aiming

and pointing a gun, which gun was discharged, resulting in the death of the deceased, and sentenced under the provisions of section 1045, Code of 1906 (Hemingway's Code, section 773).

It appears from the evidence that on the evening of the killing the appellant and a brother-in-law and two others were going along a road somewhat under the influence of liquor, and that one of the parties had a gun which the appellant had shot a little while before meeting the deceased, and when about to meet the deceased the appllant said to Mr. Waddle, "Give me the gun and we will have some fun." He took the gun and stood in the road until the deceased and his cousin, a state's witness, got within a few feet of him, when he called out to them, "If you don't stop, I'll kill you," using profane language. The car was running slowly, and the appellant stepped out of the road when the car was in a few feet of him, threw the gun up, and it fired, killing the deceased. The cousin of the deceased, a state's witness, jumped out of the car and ran. The car ran some little distance, ran up a bank, and struck a tree, killing the engine, and stopped. The appellant and his companions went up to the car and found Garley Grissom dead.

There is some conflict between the state's witness and the witnesses for the defendant as to the manner of the appellant and his language. There is also some conflict as to when the appellant cried out, "I have killed him, the best friend I had." According to the state's witness the appellant spoke in an angry tone of voice, and the witness could see nothing in the nature of a joke about the transaction. There was also some proof of a threat. According to the appellant as soon as the gun fired he exclaimed, "I have killed him, the best friend I had," and began to lament, and in this he is corroborated by some of his companions. Some of his companions could not say whether he made the exclamation at that time or after reaching the car after it had stopped. According to the

state's witness the statement was made after the car stopped.

The state procured on the trial instruction No. 2, which reads as follows:

"The court instructs the jury for the state that, even though you may not believe the defendant to be guilty of murder, yet, if you do believe from the evidence in this case beyond a reasonable doubt that the defendant intentionally aimed or pointed a gun at or toward Garley Grissom, at the time and place the crime is charged in the indictment, and that while the gun was so pointed it was accidentally discharged, and thereby effected the death of Garley Grissom, then you will find the defendant guilty and will return the following verdict:

" 'We the jury find the defendant guilty of intentionally aiming a gun at Garley Grissom, at which time the gun was accidentally discharged, thereby killing Garley Grissom.' "

The jury returned a verdict in the language of the latter part of this instruction, upon which verdict the appellant was sentenced to three years in the state penitentiary, from which judgment this appeal is prosecuted and the above instruction assigned for error.

Section 1045, Code of 1906, in the Code of 1892 (section 969), contained in its concluding paragraph the following language:

"And on the trial of an indictment for a homicide, if the jury shall be satisfied that the accused is guilty under this section, and not guilty of murder or manslaughter, it may find him not guilty of murder or manslaughter, and render a verdict of guilty under this section."

In recodifying the laws in the Code of 1906, this part of the statute was omitted, and as a consequence was repealed by a provision repealing all general laws not brought forward.

In *Lucas* v. *State,* 71 Miss. 471, 14 So. 537, this court decided that a conviction under section 969, Code of 1892, would not be sustained under an indictment for murder

without having a count in the indictment charging the offense under this statute.

In *Thomas* v. *State,* 73 Miss. 48, 19 So. 195, the court held that by reason of the language above set out contained in the concluding part of section 969, Code of 1892, the conviction could be sustained as the statute expressly authorized it. But the court did not in that case refer to the *Lucas Case, supra,* and subsequently the court held that the Thomas Case necessarily overruled the Lucas Case, though it was not referred to. The holding in those cases that the conviction under this statute could be sustained under a murder indictment was expressly predicated upon the fact that the statute expressly authorized it.

In *Richardson* v. *State,* 79 Miss. 289, 30 So. 650, it was held that an acquittal under an indictment for assault and battery with intent to kill and murder predicated on the same act is not a bar to the prosecution under this statute; this case not being a case where a killing actually resulted.

It seems to us that the legislature had some object in view in omitting the concluding part of section 969, Code of 1892, when bringing it forward in the Code of 1906, and as this omitted part of the statute was the thing that authorized a conviction under this statute on an indictment for murder, and it not being brought forward, there was no authority for the court to give instruction No. 2 in this case. The verdict of the jury finding a conviction under this statute is not responsive to any issue contained in the indictment. The court expressly refused to grant the state an instruction on manslaughter, and no manslaughter issue was submitted for the consideration of the jury. We think, therefore, that the verdict was not responsive to any issue and is a nullity.

Section 22 of the Constitution of the state provides:

"No person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution "

There was neither an acquittal nor conviction on the merits on the issues contained in the indictment, and the judgment and verdict will be set aside, and the case remanded for a new trial on the indictment.

*Reversed and remanded.*