LOVERN *v.* STATE.*

(Division A.   Nov. 9, 1925.)

[105 So. 759.   No. 24966.]

1. CRIMINAL LAW.  *For evidence obtained by search without warrant*
   *to be inadmissible it must appear that such property was owned*
   *or was in possession of accused.*
   In order for evidence obtained by means of a search without a
   warrant therefor to be inadmissible in a criminal prosecution, it
   must appear that the property searched was owned or was in the
   possession of the defendant.

2. CRIMINAL LAW.  *For plea of former jeopardy to avail, accused must*
   *have been acquitted or convicted in former trial on merits of*
   *crime for which he is again sought to be convicted.*
   In order for a plea of former jeopardy to avail, it must appear that
   the defendant was actually acquitted or convicted in a former
   trial on the merits of the crime for which he is again sought to
   be convicted.  Constitution 1890, section 22.

3. CRIMINAL LAW.  *Parol evidence held admissible to settle doubt as*
   *to whether accused had been in former jeopardy.*
   Where it is doubtful, from the recitals of a judgment dismissing a
   case and discharging the defendant therein pleaded in bar of a
   second prosecution for the same offense, whether the defendant
   was tried and convicted on the merits, such doubt may be re-
   moved by parol evidence.

*Headnotes 1.  Criminal Law, 16 C. J., Section 1110; 2. Criminal Law,
16 C. J., Section 411; 3. Criminal Law, 16 C. J., Section 769.

APPEAL from circuit court of Itawamba county.
HON. C. P. LONG, Judge.

Homer Lovern was convicted of having possession of
intoxicating liquors, and he appeals.  Affirmed.

*Geo. H. Hill,* for appellant.

*The officers who searched the premises of appellant did
so without serving appellant with a copy of the search
warrant, as provided by section 2088 of Hemingway's*

*Code, and appellant objected to the introduction of the testimony with reference to this search until the search warrant and affidavit were produced, or their loss accounted for. The state did not produce the affidavit and search warrant, and did not account for their loss. Appellant was entitled to a peremptory instruction, and the motion to exclude the testimony and direct the jury to return a verdict of "not guilty" should have been sustained by the court.*

This is a case where a justice of the peace and two other men, deputized by him, went to the premises of Boss Lovern and Homer Lovern and found what they claimed to be a keg of whiskey located in the woods near the side of a road some distance from the residence of the appellant and Boss Lovern, his brother. The officers testified that they had a search warrant, but that they did not serve a copy of the warrant on either of the defendants, in the lower court. It is true that the first witness, a Mr. Funderburk, testified that he thought Squire Phillips served them with a copy of the search warrant after they were arrested, but not before, but Squire Phillips testified that he did not have any recollection of serving them with a copy of it at any time. At any rate the search was made and the whiskey was found, and the possession traced to the appellant and the other defendants, without serving any copy of the warrant on either of them.

It was a fatal error for the court to permit the introduction of the testimony about the search of the premises and the location of the keg of whiskey and the possession of it by the appellant without requiring the state to produce the affidavit and warrant, or account for their loss. *Cuevas* v. *City of Gulfport,* 99 So. 503; *Wells* v. *State,* 135 Miss. 764, 100 So. 674.

II. *The court erred in not sustaining the plea of former jeopardy filed in this cause. The judgment of the justice of the peace who tried appellants is in the record and clearly shows that "said case was called and appearing that there was insufficient evidence to convict the defend-*

*ant the case was dismissed, and the defendants discharged.''*

*F. S. Harmon,* assistant attorney-general, for the state.

I. *No question of unlawful search and seizure is here involved.* Counsel for Homer Lovern vigorously insist that since the officers who searched these premises did not serve a copy of the warrant on this appellant, and did not introduce the affidavit or search warrant in evidence, the trial court erred in permitting them to testify. This question, however, is not before the court in this case. We have carefully examined the record and there is nothing therein to show that this appellant, Homer Lovern, can complain because of a search of these premises. In other words, there is nothing in this record to show that it was his land.

Boss Lovern admitted under oath that this was his home, and while it appears that Homer was living with him, there is nothing whatever to indicate that Homer was renting any of this land from Mr. Fears, or that Homer can complain, and since Boss Lovern was acquitted he is not here complaining before this court.

This matter is governed by *Falkner* v. *State,* 98 So. 691, where this court reversed a case as to the brother who owned the land and affirmed it as to the brother who lived with him but who failed to show that he had any rights therein. See also *Nelson Harris* v. *State,* 98 So. 349.

II. *The plea of former jeopardy was properly overruled.* Appellant insists that the circuit court of Itawamba county had no business trying this case. The appellant alleges that the matter was settled in the court of a justice of the peace, when the justice of the peace, Harmon, at the request of the county attorney, entered a *nolle pros.* because of the insufficiency of the evidence. Justice of the peace Harmon swore that he did not try this case; that the case was pending, but that no witnesses were sworn,

or introduced, or examined about it at all; that nobody was put on the stand, and that while the bailiff summoned a jury and they were there "we never swore them in."

The entry which this justice of the peace made in his docket was read into the record, and while worded inartistically, simply shows that the case was dismissed, and the defendant discharged. Our statute, enacted pursuant to the present constitutional provision, specifically provides that there must be an actual conviction or acquittal on the merits to bar another prosecution. There was no such acquittal here, and it is, therefore, quite clear from the testimony of the justice of the peace, and from the wording of his docket, that the trial court did not err in overruling the plea of former jeopardy, or in requiring this case to go to trial in the circuit court.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction for having intoxicating liquor in possession. The evidence was obtained by means of a search of certain premises by an officer who stated that he had a warrant therefor, but it was not introduced in evidence, and was not called to the attention of the appellant until after he was arrested.

One of the assignments of error complains of the introduction of this testimony, but no question arising thereout can be here considered, for it does not appear from the evidence that the property searched belonged to or was in possession of the appellant.

The appellant pleaded former jeopardy, and in support thereof introduced in evidence the following judgment rendered by a justice of the peace:

"This case came on to be heard before J. T. Harmon, justice of the peace for Fifth district of Itawamba county. Said case was called, and, it appearing that there was insufficient evidence to convict the defendant, the case was dismissed and the defendant discharged."

It does not appear from this judgment against whom it was rendered or what the charge against the defendant therein was, but the district attorney agreed that it was

rendered in a prosecution against the defendant for the crime for which he was then being tried in the circuit court.

In order for a plea of former jeopardy to avail, it must appear that the defendant was actually acquitted or convicted in a former trial "on the merits" of the crime for which he is again sought to be convicted. Constitution, section 22.

The judgment here relied on recites neither an acquittal nor conviction "on the merits," but that "the case was dismissed and the defendant discharged." If the judgment contained this recital only, it would exclude any idea that the defendant was adjudged either guilty or not guilty, but a doubt relative thereto arises because of the further recital that "there was insufficient evidence to convict the defendant." It does not appear from this recital whether the insufficiency of the evidence was ascertained by the justice after the witnesses had been sworn and testified, or whether the information was obtained before the trial was begun. Whether the dismissal of the defendant was pursuant to an acquittal on the merits is left in doubt, which doubt parol evidence is admissible to remove. *Robinson* v. *Lane,* 14 Smedes & M. (Miss.) 161; 34 C. J., section 1515.

The evidence in explanation of this judgment was introduced by the appellant himself, from which it appears that the case was not tried on its merits, but was dismissed at the request of the county attorney after a conference with the witnesses. The judgment therefore constitutes no foundation for a plea of former jeopardy.

*Affirmed.*