## STEPP v. STATE.

(Division B. Nov. 10, 1947. Suggestion of Error Overruled Jan. 12, 1948.)

[32 So. (2d) 447. No. 36583.]

On Suggestion of Error.

(Division B.   Jan. 12, 1948.)

[33 So. (2d) 307.   No. 36583.]

**E. K. Windham** and **Riley Cunningham**, both of Boone-ville, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

Argued orally by **Riley Cunningham** and **E. K. Windham**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**Griffith, P. J.**, delivered the opinion of the court.

Appellant was convicted under Section 2613, Code 1942, of having intoxicating liquor in his possession, and he appeals, assigning as the sole ground therefor that the cited section is unconstitutional because in contravention of Section 32 of the Constitution of 1890, which ordains that ''The enumeration of rights in this constitution shall

not be construed to deny and impair others retained by, and inherent in, the people.''

We will assume that appellant had the liquor in his possession solely for his own personal use and consumption. Appellant says that at the time of the adoption of the Constitution of 1890, any person had the right so to possess intoxicating liquor, and that having that right at that time it cannot be taken away by subsequent legislation, the right being then an inherent right and thus reserved under Section 32.

It is a mistake to suppose that a constitution is to be interpreted only in the light of things as they existed at the time of its adoption. On the contrary, a constitution is intended to endure for a long time, and is interpreted in the light of developments which have appeared at the time of the interpretation, and may therefore include things and conditions which not only did not exist but were not contemplated when it was drafted, so long as the new developments are in their nature within the scope of the purposes and powers for the furtherance of which the constitution was established.

An apt illustration of the foregoing is found in Moore v. General Motors Acceptance Corp., 155 Miss. 818, 823, 125 So. 411, 413: ''The power of Congress in respect to the Post Office Department and all its multitudinous activities is expressed and granted in this one short clause: 'To establish post-offices and post-roads.' . . . Although not mentioned in words, the power . . . to carry the mails on steamboats upon the lakes and rivers of the country was likewise never seriously questioned; yet technically it is not within the term 'post roads,' nor was the steamboat a method of transportation known or dreamed of when the Federal Constitution was ordained, and likewise today there is the new system of transportation of mails by airplanes which use no post roads.''

In addition to the cited case, see Dunn v. Love, 172 Miss. 342, 354, 155 So. 331, 92 A. L. R. 1323; Jackson v. Deposit Guaranty Bank & Trust Co., 160 Miss. 752, 768,

133 So. 195; and 11 Am. Jur., Const. Law, Sections 4 and 51; 16 C. J. S., Constitutional Law, Sec. 14.

Appellant relies further upon cases such as State v. Williams, 146 N. C. 618, 61 S. E. 61, 17 L. R. A. (N. S.) 299, 14 Ann. Cas. 562, and Commonwealth v. Campbell, 117 S. W. 383, 24 L. R. A. (N. S.) 172, 133 Ky. 50, 19 Ann. Cas. 159, and on those cited in the note to the latter report on page 168 thereof, wherein it is said by the annotator that "it has been held generally that the mere possession of intoxicating liquor, kept for one's own use, is not inherently injurious to the health, morals or safety of the public; and, therefore, that legislation prohibiting such keeping in possession is not a legitimate exercise of police power, but, on the contrary, is an abridgment of the privileges and immunities of the citizen without any legal justification and as such is void," citing the several cases.

With due respect to the decisions so noted, it is our duty here to proceed to a consideration of our own experiences as more recent developments have thrust themselves upon the problem. It is not questioned that the State has the power through its Legislature to prohibit and make punishable the sale, or the giving away, of intoxicating liquor. Statutes to that effect have existed in this State in one form or another for fifty years or more, and have been upheld time after time. But until the enactment of Section 1974, Code 1930, Section 2613, Code 1942, there had been no statute which would make it unlawful to have intoxicating liquors in possession, regardless of the quantity or the purpose of the possession.

In addition to the consideration that possession affords a prime facility towards the furtherance of sales, there was the further consideration that what had happened before the enactment of Section 1974, Code 1930, was that when prosecutions were being presented for violations of the law against sales, the defendants would assert that they did not have the liquor in their possession for the purpose of sale or to give away, but for their own personal use and consumption, and thus the statutes against sales

were rendered difficult to enforce. It was in aid of the effectiveness of the statutes against sales and the giving away of intoxicating liquor that Section 1974, Code 1930, was enacted, and that it was within the authority of the Legislature so to enact has been adjudicated, in principle, in Purity Extract & Tonic Co. v. Lynch, 100 Miss. 650, 56 So. 316, 317, wherein it was held that the sale of a beverage which contained no intoxicating contents whatever could be prohibited if the prohibition had a reasonable relation to the prevention of evasions of the liquor laws. Quoting from other cases, the Court said: ''In enacting a police regulation it may be found necessary to include within the purview of the statute certain acts innocent and not in themselves the subject of police regulation, where the inclusion of such acts is necessary in the opinion of the Legislature to make the police regulation effective.'' And the Court concluded that while the police power of the State undoubtedly has its limitations, these limitations are not reached when the law is only made broad enough to make its prohibitory laws effective, and to prevent subterfuges and evasions.

As stated, the statute against possession was enacted in aid of, and to make more effective, the laws against sales and giving away, and unless we could say that manifestly the possession statute had no reasonable relation to that purpose, we would be without legitimate authority to strike it down, and we cannot so say.

Affirmed.

**L. A. Smith, Sr., J.**, delivered the opinion of the court on suggestion of error.

Appellant has suggested that we committed grave error in our original opinion in this case, by holding that [32 So. (2d) 447, 448]: ''The statute against possession was enacted in aid of, and to make more effective, the laws against sales and giving away, and unless we could say

that manifestly the possession statute had no reasonable relation to that purpose, we would be without legitimate authority to strike it down, and we cannot so say."

We have most carefully re-examined the whole matter, and have concluded that we were right in our former decision. The matter of intoxicating liquors has long been recognized in this State as a proper subject of legislation. Its subjection to the police powers of this State was recognized in Hutchinson's Code 1798-1848, by Article 5 of Chapter 64. Statutes involving intoxicating liquors in one way or another have appeared in all subsequent Codes. The reason is that such beverages have from time immemorial been considered charged with deleterious potentialities, the principal manifestation of such qualities being drunkenness. "Of all vices take heed of drunkenness; other vices are but fruits of disordered affections—this disorders, nay, banishes reason; other vices but impair the soul—this demolishes her two chief faculties, the understanding and the will; other vices make their own way—this makes way for all vices." Quarles.

The mere fact that possession was not expressly outlawed before the Constitution of 1890, and was not therein treated does not, ipso facto, make the possession of intoxicating liquors protected by Section 32 of the Constitution, providing that "The enumeration of rights in this constitution shall not be construed to deny and impair others retained by, and inherent in, the people." In its treatise on Constitutional Law, American Jurisprudence, in Vol. 11, Section 267, page 1008, declares that "although it has been held that the police power does not extend to protect a citizen against his own rashness, and that the state does not have requisite interest in each citizen to protect him from the consequences of his own acts by health and welfare labor legislation, the view more generally followed is that in matters in which the health and welfare of the individual directly affect the general welfare of the community, the state may exercise a certain

amount of control over his personal rights. In a celebrated recent case Chief Justice Hughes has pointed out that the state retains an interest in the welfare of the individual, no matter how reckless he may be, for the whole is no greater than the sum of all of the parts; and when the individual health, safety, and welfare are sacrificed or neglected, the state must suffer." West Coast Hotel Co. v. Parrish, 300 U. S. 379, 57 S. Ct. 578, 81 L. Ed. 703, 108 A. L. R. 1330.

In our former opinion we recognized that there was authority to the contrary, but it was pointed out that statutes prohibiting the sale or giving away intoxicating liquors had been in our law books a long number of years, and that too frequently the guilty purveyor explained his liquor in hand as intended merely for personal use; and to avoid this, Section 1974, Code 1930, Section 2613, Code 1942, prohibiting possession, was enacted into law. After all, the purpose of the purchaser in buying the liquor, and of the donee in accepting its gift, is to acquire possession, which thereby came about as the result of unlawful transactions on the part of the seller and donor. So, we wrote: "It was in aid of the effectiveness of the statutes against sales and the giving away," that the statute was passed. Certainly, this legislation manifestly had and has a reasonable relation to the companion statutes, in aid of which it was passed.

Section 32 of the Constitution of 1890 speaks of the rights retained by and inherent in the people, and appellant contends that possession of intoxicating liquor, where the purpose is innocent, is a right which cannot be impaired by the legislature. However, in the suggestion of error he does not answer our reference to the case of Purity Extract & Tonic Co. v. Lynch, 100 Miss. 650, 56 So. 316, where it was held that the sale of a beverage, which contained no intoxicating contents whatever, could be prohibited if the prohibition had a reasonable relation to the prevention of evasions of the liquor laws.

The Supreme Court of Idaho in dealing with a statute, having a similar design to that in this State, said of it: ". . . it was passed by the Legislature with a view to the protection of the public health, the public morals, and the public safety; that it has a real and substantial relation to those objects; and that it is, therefore, a reasonable exercise of the police power of the state." In re Crane, 27 Idaho 671, 151 P. 1006, 1010, L. R. A. 1918A, 942.

The Supreme Court of the United States, in reviewing the holding of the Supreme Court of Idaho, upon appeal there, said: "The question presented for our determination, is whether the Idaho statute, in so far as it undertakes to render criminal the mere possession of whisky for personal use, conflicts with that portion of the Fourteenth Amendment which declares: 'No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law.' Its validity under the state Constitution is not open for our consideration; with its wisdom this court is not directly concerned." Crane v. Campbell, 245 U. S. 304, 307, 38 S. Ct. 98, 99, 62 L. Ed. 304, 309. The Court there disavows its authority as to the State Constitution on the issue involved, but attention is called to the language of the 14th Amendment, to which the Court referred, "privileges or immunities of citizens," and its analogy to the ultimate meaning of the section of our own Constitution here involved, "enumeration of rights . . . shall not be construed to deny and impair others retained by, and inherent in, the people." In other words, the privileges and immunities of the citizen and the rights retained by and inherent in the people mean the same thing.

The Supreme Court of the United States concluded that since the State had the power to prohibit sales or gifts of intoxicating liquors, it could adopt such measures as are reasonably appropriate or needful to render exercise of that power effective. Booth v. People of State of Illi-

nois, 184 U. S. 425, 22 S. Ct. 425, 46 L. Ed. 623; People of State of New York ex rel. Silz v. Hesterberg, 211 U. S. 31, 29 S. Ct. 10, 53 L. Ed. 75; Murphy v. State of California, 225 U. S. 623, 32 S. Ct. 697, 56 L. Ed. 1229, 41 L. R. A., N. S., 153; and Rast v. Van Deman & Lewis Co., 240 U. S. 342, 364, 36 S. Ct. 370, 60 L. Ed. 679, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455. The Court further concluded that, "considering the notorious difficulties always attendant upon efforts to suppress traffic in liquors, we are unable to say that the challenged inhibition of their possession was arbitrary and unreasonable or without proper relation to the legitimate legislative purpose."

The announcement of this Court in the controlling opinion, as well as the concurring opinions, quoted by appellant, in the case of Sinclair v. State, 161 Miss. 142, 132 So. 581, 74 A. L. R. 241, contains nothing that conflicts with our views in the case at bar. There was involved the constitutionality of a statute denying the right of a defendant in a criminal case to plead his insanity. The statute was rightfully declared invalid. In the case of State v. Armstead, 103 Miss. 790, 60 So. 778, 781, Ann. Cas. 1915B, 495, our declaration that "The police power of the state may be broad, but it cannot rise above the Constitution. It cannot justify the enactment of a law which amounts to an arbitrary and unwarranted interference with the rights of the citizens which are guaranteed by the Constitution," does not impair our reasoning in the original opinion in this case, and is supported by the holding of the United States Supreme Court in Crane v. Campbell, supra, that the prohibition of possession was not an arbitrary act of the law making body.

We think our statement in our original opinion is also sound, in that part dealing with changing times and conditions. We said: "A constitution is intended to endure for a long time, and is interpreted in the light of developments which have appeared at the time of the interpretation." In this view, we are supported by Alexander Hamilton, No 32 Federalist, where he wrote: "Nothing,

therefore, can be more fallacious than to infer the extent of any power proper to be lodged in the national government, from an estimate of its immediate necessities." Chief Justice John Marshall stated in McCulloch v. State of Maryland, 4 Wheat. 316, 415, 4 L. Ed. 579, that a constitution is "intended to endure for ages to come, and, consequently, to be adapted to the various crises of human affairs. To have prescribed the means by which government should, in all future time, execute its powers, would have been to change, entirely, the character of the instrument, and give it the properties of a legal code. It would have been an unwise attempt to provide, by immutable rules, for exigencies which, if foreseen at all, must have been seen dimly, and which can be best provided for as they occur." These quotations are also found in the opinion of this Court in the case of Albritton v. City of Winona, 181 Miss. 75, 178 So. 799, 115 A. L. R. 1436.

In view of our conclusion that we committed no error in our former opinion, we must and do overrule the suggestion of error.

Suggestion of error overruled.