STATE v. PACE.

Division B. Jan. 8, 1951.

No. 37779 (49 So. (2d) 710)

**George H. Ethridge**, Assistant Attorney General, for appellant.

**Roy N. Lee,** for appellee.

**Hall, J.**

Appellee was indicted at the March 1949 term of the Circuit Court of Scott County for the unlawful sale of intoxicating liquor. She filed a plea of former acquittal which was sustained by the lower court and the State appeals.

The judgment upon which the plea is based was entered on the docket of a justice of the peace.

In the docket space for entry of judgment there is printed "This cause coming on to be heard and the court having heard the evidence, it is therefore considered by the court that defendant is . . ." Immediately following this printed part of the docket the following entry was made in the handwriting of the county attorney and signed by the justice of the peace on March 10, 1949, which was a regular court day: "On motion of county attorney, this case is hereby dismissed without prejudice."

Oral testimony was taken, (and properly so as held in Lovern v. State, 140 Miss. 635, 105 So. 759) to settle the doubt as to whether the accused had actually been in former jeopardy, and by this evidence it was established that the aforesaid judgment was entered at a time when the grand jury was in session but before it had voted and returned the indictment in question. In order to remove any question of conflict in the jurisdiction of the two courts the county attorney went to the justice court and searched for an affidavit against appellee and neither he nor the justice of the peace was able to find any and thereupon the county attorney entered the case upon the docket, all entries being in his handwriting except the signature of the justice. It was fairly well established by the evidence that there had never in fact been any affidavit made against appellee before the justice of the peace, but we pass to a decision without consideration of that evidence as we deem it immaterial.

In Lovern v. State, supra, it was held that "In order for a plea of former jeopardy to avail, it must appear that the defendant was actually acquitted or convicted in a former trial 'on the merits' of the crime for which he is again sought to be convicted." The judgment in that case recited "and, it appearing that there was insufficient evidence to convict the defendant, the case was dismissed and the defendant discharged." The proof showed, however, that the case was not tried on the merits but was dismissed at the request of the county attorney after a conference with the witnesses.

The judgment of the justice of the peace in the case at bar shows that it was dismissed without prejudice and appellee relies solely upon the recitals of this judgment as affording her an immunity from trial upon the indictment.

The use of the words "without prejudice" serves to prevent the dismissal from operating as a bar to any new suit or prosecution on the same charge. W. T. Raleigh Co. v. Barnes, 143 Miss. 597, 109 So. 8. Moreover, Section 22, Constitution of 1890, provides "No person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution." Here there was plainly no acquittal on the merits. Conwill v. State, 124 Miss. 716, 86 So. 876; Harris v. State, 158 Miss. 439, 130 So. 697.

We are therefore of the opinion that the lower court erred in sustaining the plea of former jeopardy and its judgment will accordingly be reversed and the cause remanded.

Reversed and remanded.

**Lee, J.**, not participating.