DOSSETT *v.* STATE.

Division B. May 14, 1951.

No. 37947 (52 So. (2d) 490)

W. W. Dent and G. L. Martin, for appellant.

Geo. H. Ethridge, Assistant Attorney General, for appellee.

Hall, J.

This is an appeal from a conviction of the unlawful possession of intoxicating liquor under Section 2613, Code of

1942. The evidence for the State is partly circumstantial and shows that on or about April 10, 1950, a deputy sheriff secreted himself on the east side of Okatoma Creek for observation purposes. Appellant resides in the Town of Collins on the west side of the creek. The deputy saw appellant leave his home about 400 or 500 yards away and come to the creek with a fishing pole and bucket. Upon reaching the creek bank appellant walked along it for some distance, then laid down his fishing pole and bucket and went into a clump of bushes which were so thick that he had to crawl in on his knees. He emerged and left with four bottles containing what the deputy presumed to be but could not positively identify as whiskey. No effort was made to then apprehend appellant because the creek was so wide that the deputy could not get across. Later in the day the deputy went into the thicket on the west side of the creek and inspected the place where appellant had crawled in. He found a can buried in the ground and covered with leaves, but nothing was then in it.

The deputy retired to a distant observation point on the west side of the creek and late that afternoon saw appellant and his wife go to the same thicket with a sack, after which they returned home. The deputy then inspected the buried can again and found eight half-pint bottles and one full pint bottle of whiskey therein. About 3:30 or 4:00 a.m. on the following day the deputy in company with the sheriff returned to the cache and they counted the bottles and found the same number of bottles therein intact. They secreted themselves about fifty yards distant. Some time after daylight they saw appellant leave his home and return to the can. The swamp was so thick that they were unable to observe exactly what he did, but they knew he went to the can and they could hear the noise of the lid striking the can. Appellant returned to his home and the sheriff and deputy immediately inspected the can again and found that the pint bottle and three of the half-pint bottles had been removed therefrom. They took the can

and the remaining five half-pints of whiskey, which were not on appellant's land, and went to his home but by the time they got there he was gone. They served a copy of a search warrant on his wife and searched the home but found nothing. They then went to the business section of town and found appellant and arrested him on a charge of the unlawful possession of intoxicating liquor. Appellant denied that he had even seen the can or put any whiskey in it.

At the trial appellant objected to all evidence as to what occurred on the first day mentioned. The objection was overruled and that action of the trial court is assigned as error, it being contended by appellant that this was evidence of another offense and inadmissible. It is true that as a general rule the prosecution may not offer evidence of other offenses, but there are many exceptions to this rule. Among these are (a) where it is connected with the offense charged and sheds light upon the motive of the defendant, or (b) where it forms a chain of facts so intimately connected that the whole must be heard in order to interpret its several parts, Raines v. State, 81 Miss. 489, 33 So. 19; Collier v. State, 106 Miss. 613, 64 So. 373, or (c) where guilty knowledge is in issue or an element of the crime charged, 22 C. J. S., Criminal Law, p. 1098, Sec. 685, or (d) where a continuing offense is charged, 22 C. J. S., Criminal Law, Sec. 689, p. 1111. These are not all of the exceptions to the general rule, but those mentioned are all applicable here. Conscious or guilty knowledge is one element of the offense here charged. 48 C. J. S., Intoxicating Liquors, Sec. 363, p. 532. Moreover the unlawful possession of intoxicating liquor is a continuing offense. 48 C. J. S., Intoxicating Liquors, Sec. 235, p. 369; Green v. State, 30 Ala. App. 94, 2 So. (2d) 324, certiorari denied, 241 Ala. 288, 2 So. (2d) 326; Marron v. U. S., 9 Cir., 8 F (2d) 251. In our opinion it was entirely proper to admit evidence of what occurred on both days because it forms a chain of facts so intimately connected that the whole must be heard in

order to interpret its several parts, it sheds light on the motive and conscious knowledge of appellant, and the offense charged is a continuing one.

Appellant further argues that the individual states of our Union no longer have any police power to regulate the possession of intoxicating liquor, that this power has been taken from the several states by the Charter of the United Nations, and that the United Nations is now vested with exclusive jurisdiction over the subject. Appellant cites particularly Chapters IX and X of the Charter as supporting his views, but when these are examined it is at once seen that they only authorize the creation of The Economic and Social Council with authority to initiate studies and make recommendations with respect to international economic, social, cultural, educational, health and related matters. The United Nations is granted no authority to take over our schools and institutions of learning, nor our health departments and other agencies for the promotion of the several objects mentioned. It is only authorized to make recommendations and undertake to promote these objects between the nations and purely from an international aspect. There was never any intention that the United Nations should interfere in any manner with domestic police powers, and this is made clear by Chapter I, Article 2, Paragraph 7 of its Charter, which provides in part ''Nothing contained in the present Charter shall authorize the United Nations to intervene in matters which are essentially within the domestic jurisdiction of any state or shall require the Members to submit such matters to settlement under the present Charter.''

Nowhere in the Charter of the United Nations are we able to find one single reference to the subject of intoxicating liquors, and after a careful study of that document we conclude that there is no shadow of merit in appellants's contention.

 Complaint is also made regarding the granting of two instructions for the State and the refusal of two

which were requested by appellant. The given instructions correctly announced the applicable law and the refused instructions were on the question of a mere transitory possession of intoxicants for the purpose of taking a drink. The facts in this case do not remotely apply to our decisions pertaining to a mere transitory possession, and these instructions were properly refused.

 It is further contended that this case should be reversed because the search of appellant's home was unlawful. The officers testified that they had a search warrant for his home and served a copy on his wife before making the search, but the warrant itself was not offered in evidence. It must be remembered that nothing whatever was obtained by virtue of the search and no evidence was offered as to anything disclosed by the search. The rule is simply that evidence shall not be admitted which was obtained by virtue of an unlawful search, and even if the search of the home had been without warrant and had been wholly illegal, this would not prevent a conviction of the charge and upon the facts here presented for the reason that the intoxicants which were here observed and found and offered in evidence were not upon any land owned or occupied by appellant, but upon a wholly separate tract of land, owned and occupied by another party, some 400 to 500 yards distant from appellant's premises. The evidence thus obtained was admissible and appellant cannot complain that the search of the premises of another person may have been unlawful. Lovern v. State, 140 Miss. 635, 105 So. 759; Falkner v. State, 134 Miss. 253, 262, 98 So. 691, 693-694.

 Appellant contends lastly that Section 2613, Code of 1942, making unlawful the possession of intoxicating liquor, is unconstitutional as applied to a consumer in possession thereof for personal use in his home. There are two answers to this position. The first is that there is no claim by appellant that he had the liquor in question either in his home or for personal use; he denied all knowledge of it, and it was not found in his home. The second

is that it has already been thoroughly settled in this state that the said statute does not violate the Constitution. Stepp v. State, 202 Miss. 725, 32 So. (2d) 447, 33 So. (2d) 307. The judgment of the lower court is accordingly affirmed.

Affirmed.