FANNING *v.* STATE

No. 42738 March 2, 1964 161 So. 2d 199

*Laurel G. Weir,* Philadelphia, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

PATTERSON, J.

Appellant was tried in circuit court on an indictment charging unlawful possession of intoxicating liquor. He appealed from a judgment of conviction.

While on patrol, the sheriff and a deputy approached defendant's automobile on a Philadelphia street. Defendant apparently saw the sheriff and immediately ac-

celerated his automobile and began driving in a reckless manner from side to side of the street at a high rate of speed. The inference is justified that the reason defendant was unable to properly control his automobile was that he was engaged in breaking a number of gallon jugs containing moonshine liquor. The sheriff gave chase after defendant began speeding and driving recklessly, and followed him about five miles where he was pulled over and stopped. The sheriff went to defendant's automobile to arrest him for reckless driving and found him in the act of breaking the last of five one-gallon jugs. There was moonshine liquor in the pieces of jugs and on the floorboard and some of this liquor was placed in a container and introduced in evidence.

Defendant contends that he was twice placed in jeopardy for the same offense. After the last witness had testified, he moved to dismiss the case on that ground. Appellant offered no proof to sustain this contention, although reference to another indictment and affidavit in the justice of the peace court had been made. After this motion, the district attorney stated into the record that an affidavit had been made before the Justice of the Peace of District 1 of Neshoba County charging defendant with possession of liquor in April 1962; this was discovered by the district attorney at the September 1962 term of the circuit court. He also stated that an indictment had been returned at the September 1962 term of the circuit court charging the defendant with possession of liquor in April 1962. He stated that upon finding this state of the record, the State moved for a nolle prosequi of the indictment, which was allowed by the court. Then the district attorney stated:

''Since the September 1962 term of the court, there has been entered an order at the regular term of the justice of the peace court, dismissing the charge before the justice of the peace without prejudice. There not being a pending cause at the February 1963 term of

court, the matter was presented to the grand jury, and the grand jury returned the present indictment, upon which this defendant is now being tried. The defendant has never been put to trial on any charge involving the possession of liquor on the 30th day of April, 1962, and, of course, as the court knows, he has never been placed in jeopardy.''

The district attorney then asked permission of the court to introduce in the record the order entered at the September term of circuit court entering a nolle prosequi, and a certified copy of the order of the justice of the peace dismissing the cause before that court. This was granted and the defendant and the State rested the case and it was presented to the jury. Thereafter, a certificate was filed by the circuit clerk and inserted in the record on this appeal certifying that no order could be found granting a nolle prosequi of the indictment returned at the September 1962 term of circuit court, and the attached order of the justice of the peace court was a true and correct copy. This copy of the judgment of the justice of the peace court is as follows:

''This cause this day coming on for trial and the defendant being arraigned in court on a charge of possession of intoxicating liquor and having pleaded not guilty and the court having heard the testimony and being of the opinion that the defendant is guilty, it is therefore considered by the court and so ordered and adjudged that the defendant be dismissed without prejudice.''

 █ The defendant was tried in the circuit court on February 12, 1963, and motion for a new trial was overruled on February 18, 1963. The certificate of the justice of the peace certifying to the judgment entered by him on October 5, 1962, was dated October 12, 1963, which was two days after this appeal had been filed and docketed in this Court. Therefore, while the

district attorney had permission from the trial court to introduce into the record the order of the justice of the peace, it was not actually done in the lower court and was filed only after the case was docketed in this Court. Obviously, the lower court had no opportunity to rule on whether the judgment of the justice of the peace dated October 5, 1962, constituted former jeopardy. For this reason alone the court did not err in overruling the defendant's motion to dismiss the case on the ground of double jeopardy.

██ Assuming, but not deciding, that the defendant should have the benefit of the order of the justice of the peace dated October 5, 1962, for the purpose of determining whether he had previously been put in jeopardy, we must take into consideration the circumstances under which it was placed in the record. The district attorney's statement is the only explanation whereby the charge of unlawful possession of intoxicating liquor in April 1962 is connected with the order of the justice of the peace. If we consider the district attorney's statement for the purpose of identifying the order of October 5, 1962, we must also consider his statement that the defendant was never put to trial on any charge involving the possession of liquor in April 1962. The order of the justice of the peace dated October 5, 1962, is ambiguous in that it indicates the defendant was tried on the merits but was dismissed without prejudice. No evidence was offered in explanation of this unusual fact, leaving a strong inference to be deduced from such judgment and the statement of the district attorney that in reality the defendant was never placed on trial on the merits of the cause. This being here determined to be true, he could not avail himself of a defense of double jeopardy. See Lovern v. State, 140 Miss. 635, 105 So. 759; State v. Pace, 210 Miss. 448, 49 So. 2d 710.

██ The fact that there may have been another indictment in the circuit court as to which no formal

order of nolle prosequi was entered does not constitute prior jeopardy. ■ ■ Mere pendency of an indictment or information does not constitute jeopardy. 22 C.J.S., Criminal Law, Sec. 241, page 640.

The case of Smithey v. State, 93 Miss. 257, 46 So. 410, relied upon by defendant, is not in point. In that case the defendant was actually tried and sentenced to pay a fine in the justice of the peace court and it was held that the first trial and conviction was sufficient to support a plea of former jeopardy.

The second question raised by appellant is his contention that the evidence obtained by the arresting officers without a search warrant was illegally obtained and was not admissible. Appellant relies on the case of Smith v. State, 240 Miss. 738, 128 So. 2d 857. Appellant's theory is that the pursuit of appellant by the sheriff began at a time when appellant was not committing any offense in the presence of the arresting officer. In *Smith,* the Court determined as a matter of law that defendant had committed no misdemeanor in the presence of an officer when he began his pursuit and the arrest and search was illegal.

■ ■ In the case at bar, the proof justifies the jury in finding that appellant was committing a misdemeanor by reckless driving when the sheriff and his deputy began their pursuit to arrest him for reckless driving. Goodman v. State, 158 Miss. 269, 130 So. 285.

■ ■ Appellant assigns as error the refusal of the court to allow appellant to call the district attorney as a witness. This occurred prior to the time the district attorney made the statements in the record regarding the dismissal of the case in the justice of the peace court. There is no merit in this contention for the reason that the record does not show what appellant desired to prove by the district attorney.

■ ■ Appellant also asserts that the judgment of conviction is contrary to the overwhelming weight of

the evidence and there is not sufficient evidence to sustain the conviction. The sheriff and his deputy testified positively there was liquor in the automobile. There is no dispute there were broken jugs on the floorboard of defendant's automobile and some of defendant's own witnesses testified there was a strong odor of liquor thereabout. The jury was fully justified in finding defendant guilty.

Affirmed.

*Kyle, P. J., and Ethridge, Gillespie and Brady, JJ.,* concur.