271 So.2d 435 (1973)
Charley Albert BOUNDS
v.
STATE of Mississippi.
No. 47047.
Supreme Court of Mississippi.
January 2, 1973.
*436 A.S. Scott, Jr., William A. Stewart, Jr., Laurel, for appellant.
A.F. Summer, Atty. Gen., by J.B. Garretty, Special Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
The appellant, Charley Albert Bounds, a Negro, was indicted along with two other Negro men and one white man for forcibly raping a twenty-year-old white woman. The appellant was tried separately at the September, 1971 term of the circuit court for the Second Judicial District of Jones County, Mississippi. However, these proceedings ended in a mistrial when the court discovered that the jury had not been specially sworn to try the issues. Upon a retrial at the October term of court, the jury returned a verdict of guilty and fixed punishment at life imprisonment in the state penitentiary.
Around midnight on September 1, 1971, the prosecutrix, a young married woman separated from her husband, and one Thomas Johnson, parked in a lover's lane, a short distance from the Rahaim Ball Park in Laurel, Mississippi. Soon after the couple had parked, a car occupied by five men drove up and stopped directly behind *437 the prosecutrix's car, thereby blocking the pair's exit. One of the Negroes forced Johnson out of the car and held him at gunpoint while he, two other Negroes, and a white man alternately raped the prosecutrix.
There is ample direct evidence to support the charge against the appellant, and the weight of the evidence is not at issue in this case. However, the appellant urges that this case be reversed due to alleged procedural irregularities.
First, the appellant contends that the trial court committed reversible error in overruling the appellant's plea of former jeopardy. During the first trial of this case, the court declared a mistrial because the jury had not been specially sworn to try a capital case. See Mississippi Code 1942 Annotated Section 2507 (1956). Thus, the appellant argues that a second trial placed him in jeopardy twice for the same offense. However, the appellant's contention is not well taken.
It is a well settled rule of law that:
"In order for a plea of former jeopardy to avail, it must appear that the defendant was actually acquitted or convicted in a former trial `on the merits' of the crime for which he is again sought to be convicted." Lovern v. State, 140 Miss. 635, 639, 105 So. 759 (1925). See also State v. Pace, 210 Miss. 448, 454, 49 So.2d 710, 711 (1951); State v. Moor, 1 Miss. 134, 139, Walker, 134, 139 (1823); Miss.Const. 1890, Art. 3, § 22.
Since the error of failing to properly swear the jury was discovered before a verdict was rendered, no jeopardy attached to the appellant's first trial, and he could be properly tried a second time.
Second, the appellant argues that the trial court erred in announcing in open court that the defendant would have to subpoena Paul Craven of the Laurel Police Department, the policeman who transcribed the appellant's confession, if the defendant intended to examine Officer Craven. It is the appellant's contention that the state was obligated to present Officer Craven in order to satisfy the requirements of the Sixth Amendment of the United States Constitution as to an accused's right to be confronted by the witnesses against him. The appellant asserts that since the defendant questioned the use of the word "rape" in a confession, the state had the burden of proving that the defendant used the word "rape" and understood its meaning. However, the appellant's reasoning is not supported by the law.
The general rule setting forth the requirements for the admission of confessions, is stated as follows:
"Extrajudicial confessions of the accused in a criminal case, if satisfactorily shown to have been made voluntarily, without improper inducements, and not in violation of his constitutional rights to counsel and to remain silent, are universally recognized as being admissible in evidence against him, subject to the requirement of corroboration and proof of the corpus delicti." 29 Am.Jur.2d Evidence, § 526, pp. 577-578 (1967).
See also Anderson, Wharton's Criminal Evidence, Vol. II, § 360, pp. 68-69 (1955); McCormick, Handbook of the Law of Evidence, §§ 110-111, pp. 229-233 (1954).
The voluntariness of the confession was established by testimony of the appellant as well as the interrogating police officers. Further, the prosecution presented evidence independent of the confession which tended to establish the corpus delicti. Under these circumstances, the oral confession of the appellant is admissible where it was also reduced to writing by a police stenographer, read to the accused, and signed by the accused, thereby acknowledging its correctness. 23 C.J.S. Criminal Law § 833, pp. 237-239 (1961). The appellant cannot, therefore, complain of the prosecution's refusal to call the police stenographer Craven since the state was under no duty to produce all of the *438 witnesses present when the confession was given. Such a duty exists only when the voluntariness of the confession is at issue. Myers v. State, 254 So.2d 891 (Miss. 1971); Stevens v. State, 228 So.2d 888 (Miss. 1969); Agee v. State, 185 So.2d 671 (Miss. 1966).
On the other hand, if the appellant had desired to conduct an examination of Officer Craven, he was available and should have been called by the defense. Failing to call this witness at the trial, the appellant cannot now complain on the grounds that the state had a duty to establish that the defendant used the word "rape" in his confession and understood its meaning.
Third, the appellant seeks a reversal on the grounds that the indictment was fatally defective by not stating that the grand jurors were elected and drawn from Jones County. The questioned portion of the indictment reads as follows:
"The Grand Jurors of the State of Mississippi, elected, summoned, empaneled, sworn and charged to inquire in and for the Second Judicial District of Jones County, State of Mississippi, ..."
However, in Coward v. State, 158 Miss. 705, 131 So. 254 (1930), this Court approved a nearly identical caption reading:
"The Grand Jurors of the State of Mississippi, elected, summoned, empaneled, sworn, and charged to inquire in and for the body of Scott County, State of Mississippi, ..." 158 Miss. at 713, 131 So. at 256.
In citing from Byrd v. State, 2 Miss. 57, 1 How. 163 (1834), the Court observed:
"... [I]t was held that this caption showed `with that degree of certainty required in indictments, that they were of the county for which they are sworn,' and further that `this legal certainty, so far, at least, as the prisoner's safety is involved, is strengthened by the presumption that the court could not issue a venire to any other county in the state; and that it could have issued to summon only the householders and freeholders of the county." 158 Miss. at 713-714, 131 So. at 256.
See also Woodsides v. State, 2 How. 655 (1837).
Furthermore, at the outset of the trial of this case, the defense stipulated in an agreement with the prosecution "... that the grand and petit juries drawn in these cases were drawn and acted as jurors under the authority and in full compliance with the statutory laws of the State of Mississippi."
Thus, there is no merit to the appellant's assertion that the indictment is improper.
Finally, appellant argues that the lower court erred in questioning the venire about its duty concerning its ability to render a verdict which could result in a death sentence. However, upon an examination of the circuit judge's remarks, we have determined that they were properly framed. In any event, the jury in this case set the defendant's punishment as life imprisonment. Therefore, there is little, if any, merit to the appellant's contention that the jury was improperly influenced concerning its willingness to deliver a guilty verdict which could result in the death sentence, since no such verdict was rendered.
Affirmed.
PATTERSON, SMITH, SUGG and BROOM, JJ., concur.