ISHEE, J.,
for the Court.
¶ 1. On February 25, 2002, a jury in the Marshal County Circuit Court convicted Ulysses Bownes for the murder of Roosevelt Faulkner. Bownes was sentenced to serve life in prison in the custody of the Mississippi Department of Corrections. He appealed his conviction, and it was affirmed by this Court in 2003. Bownes v. State, 861 So.2d 1061 (Miss.App.2003). The record reflects that Bownes never filed a petition for writ of certiorari with the supreme court. Nevertheless, Bownes filed a motion for post-conviction relief with the trial court that was denied. He appealed that denial and asserts the following issues:
I. He was denied his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process during a photo lineup.
II. He received ineffective assistance of counsel.
III. He was denied his right to a speedy trial.
IV. There was cumulative error sufficient to warrant reversal.
V. The court erred in refusing to give jury instruction D-5.
VI. The verdict reached was against the overwhelming weight of the evidence.
¶ 2. Lacking jurisdiction, we dismiss the appeal.
ISSUES AND ANALYSIS
¶ 3. Mississippi Code Annotated section 99-39-7 (Rev.2000) provides, in part,
[wjhere the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this chapter shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the supreme court of Mississippi ... and an order granted allowing the filing of such a motion in the trial court.
Referring to section 99-39-7, we have stated that “[t]his procedure is not merely advisory, but jurisdictional.” Doss v. State, 757 So.2d 1016, 1017(¶ 6) (Miss.Ct.App.2000). Since Bownes’s conviction was affirmed on direct appeal, section 99-39-7 required that he seek leave from the su *1279 preme court to file a motion for post-conviction relief. Id.
¶ 4. The record in this case contains no such authorization from the supreme court permitting Bownes to file his post-conviction motion with the trial court. “Because Doss failed to obtain the required permission from the supreme court, the trial court lacked jurisdiction to entertain his request for post-conviction relief. Likewise, this court lacks jurisdiction to entertain an appeal of that action.” Id. at 1017(¶ 17). Similarly, Bownes’s failure to comply with section 99-39-7 means his appeal is not properly before this Court. We must, therefore, dismiss it for lack of jurisdiction.
¶ 5. THE APPEAL FROM THE CIRCUIT COURT OF MARSHALL COUNTY IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.