ISHEE, J.,
for the Court:
¶ 1. In 1971, Charlie Bounds was convicted by a jury in the Jones County Circuit Court of capital rape. He was sentenced to life in the custody of the Mississippi Department of Corrections (MDOC). He filed a direct appeal with the Mississippi Supreme Court, which was denied. In 2013, he filed a motion for post-conviction relief (PCR) that the circuit court dismissed, partly because Bounds had failed to seek leave from the supreme court to file his PCR motion. Bounds then filed a motion with the supreme court seeking leave to proceed. He also filed the instant appeal. The supreme court denied his request. As such, the circuit court and this Court are without authority to hear the appeal. This action is dismissed for lack of jurisdiction.
STATEMENT OF FACTS
¶ 2. A jury convicted Bounds of capital rape in 1971 and he was sentenced to life in the custody of the MDOC. He immediately filed a direct appeal with the supreme court, which was denied. See Bounds v. State, 271 So.2d 435, 436 (Miss.1973). Over forty years later, Bounds filed a PCR motion asserting that he was given an illegal sentence by the circuit court. Bounds argues that Mississippi law allows a sentence of life in prison for the crime of rape to be assessed only by a jury, not a judge. Contrary to the su *1199 preme court’s notation in Bounds, Bounds asserts that the judge, not the jury, set his sentence at life in prison. Id. Hence, he claims that the imposition of a life sentence by the circuit court judge created an illegal sentence that defeats the statute of limitations on his appeal.
¶ 3. In its order dated January 7, 2014, the circuit court summarily dismissed Bounds’s PCR motion — in part because Bounds failed to seek leave from the supreme court to file the PCR motion and in part because the circuit court found that his case is not excepted from the statute of limitations. On January 21, 2014, Bounds, having reviewed the circuit court’s order, filed a motion for leave from the supreme court to proceed with his PCR motion. On January 27, 2014, Bounds filed the instant appeal. Nonetheless, on June 25, 2014, the supreme court denied Bounds’s request for leave, stating:
In the application for leave before this panel, Bounds merely states that his sentence was illegal. He offers no argument and does not support his contention. Bounds’s conviction and sentence were affirmed by this Court, and the mandate issued in 1972. Accordingly, we find that Bounds has failed to make a substantial showing of the denial of a state or federal right, and his application for leave should be dismissed as time-barred.
Despite the supreme court’s denial of Bounds’s motion for leave to proceed with his PCR motion, Bounds has continued in his appeal of the matter.
DISCUSSION
¶ 4. Mississippi law requires that a movant must obtain permission from the supreme court to file a PCR motion in a circuit court if the movant’s conviction has been affirmed by the appellate court on direct appeal or if the direct appeal has been dismissed. Miss.Code Ann. § 99-39-7 (Supp.2014). “This procedure is not merely advisory, but jurisdictional.” Bownes v. State, 963 So.2d 1277, 1278 (¶ 3) (Miss.Ct.App.2007) (citation omitted). We have consistently held that when a movant fails to obtain the requisite permission from the supreme court, all other courts lack the jurisdiction necessary to review the movant’s PCR motion. See Doss v. State, 757 So.2d 1016, 1017 (¶ 7) (Miss.Ct. App.2000); Bournes, 963 So.2d at 1279 (¶ 4). Accordingly, both the circuit court and this Court are without jurisdiction to review Bounds’s appeal. As such, we dismiss Bounds’s case.
¶ 5. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.