ROBERTSON *v.* STATE.

(Division A. June 9, 1930.)

[128 So. 772. No. 28769.]

A. Q. Broadus, of Purvis, for appellant.

Geo. T. Mitchell, Attorney-General, and Forrest B. Jackson, Assistant Attorney-General, for the state.

Cook, J., delivered the opinion of the court.

The appellant, Frank Robertson, was convicted in the circuit court of Lamar county on a charge of assault and battery, and was sentenced to pay a fine of one hundred dollars and to serve a term of six months in the county jail, and from this conviction and sentence he prosecuted this appeal.

The testimony offered by the state fully supports the verdict of the jury. The testimony of these witnesses was to the effect that, besides themselves, the only parties present at the scene of the difficulty were the appellant and his father. On account of the serious illness of a member of his family in another state the appellant's father was not present at the trial, and the cause was

submitted to the jury upon the unsupported testimony of the appellant. He testified that he did not strike the injured party, and that he took no part whatever in the alleged difficulty. After his conviction, he filed a motion for a new trial on the ground of newly-discovered evidence which was material to his defense. This motion was supported by the proper affidavits of appellant and his counsel but, on the hearing of the motion, neither the alleged witness nor an affidavit from him showing what his testimony would have been was offered. The record discloses that the purported witness was present in court between the date of appellant's conviction and the date of the hearing of this motion for a new trial, and that he resided within ten miles of the courthouse. The appellant did not request the process of the court to compel the attendance of this witness, and he did not request any delay of the hearing of the motion for the purpose of securing the attendance of the witness, which, so far as this record discloses, could have been secured within a very short time. The motion for a new trial was overruled, and on appeal the only assignment of error is based upon the refusal of the court to sustain the motion.

It is well-settled law in this state that the refusal of a motion for a continuance on the ground of the absence of a witness cannot be availed of on a motion for a new trial unless the witness, or his affidavit showing what his testimony would be, is offered on the hearing of the motion, or it is shown that it was impossible or impracticable to secure the attendance of the witness or to secure his affidavit. Lamar v. State, 63 Miss. 265, and many subsequent cases to the same effect. That the same rule applies in the case of a motion for a new trial on the ground of newly-discovered evidence is shown by the early cases of Hare v. Sproul, 2 How. 772, and Rulon v. Lintol's Heirs, 2 How. 891, in which it was held that: "It is not enough that the party make affidavit of newly-discovered evidence, and of what is expected to be proved by

the witness whose testimony is desired; the party is bound to produce the affidavit of the witness, from whom such evidence is to come, setting forth the facts, or show that such affidavit could not be obtained.''

In the presentation of his motion for a new trial appellant did not comply with the requirements of this rule, and therefore no error was committed in overruling the motion. The judgment of the court below will therefore be affirmed.

Affirmed.