PASS *v.* STATE.

Division B. Nov. 6, 1950.

No. 37650 (48 So. (2d) 362)

Stone & Stone, for appellant.

George H. Ethridge, Assistant Attorney General, for appellee.

**Arrington, C.**

The appellant, Eugene Pass, was convicted of assault and battery with intent to kill and murder and sentenced to a term of ten years in the penitentiary, from which judgment he appeals.

The only assignment of error argued is that the lower court erred in overruling a motion for a continuance. The appellant, on the date of the trial, made a motion for a continuance on the ground that his mother, Sally Pass, was absent due to illness; that she was present at the time of the shooting and was a material witness. The court heard evidence upon the motion, which evidence was to the effect that Sally Pass was not present at the time of the shooting. The motion was overruled. The appellant filed a motion for a new trial, one of the grounds being that the court erred in everruling motion for continuance. Counsel for appellant, on motion for a new trial, made the following statement: ''My name is W. I. Stone and I have been sole counsel and I am now for Eugene Pass,

the defendant, and I want to say that having been apprised of the indictment within the last 48 hours and having the witness Sally Pass subpoenaed yesterday, the 29th of the month, it has been impossible for me to visit the witness Sally Pass, and I am informed, as this record shows, that the doctor says·that late yesterday afternoon Sally Pass was with a fever of 104 and was flooding freely, so that it has been and is now impossible for me to have her present as a witness for the defense, or to present or obtain any sort of affidavit from her as to her testimony.· That's all.''

From this statement the condition of the absent witness at the time of the hearing of the motion for a new trial was not shown, and no evidence was offered for not obtaining her affidavit showing what her testimony would have been had she been present. For all the record shows, the affidavit of this witness might have been obtained for use on the hearing of the motion for new trial.

The rule as announced in the case of Lamar v. State, 63 Miss. 265, with reference to procedure on application for continuance as to continued diligence after conviction is stated as follows: ''. . . ██ ██ if tried and convicted he should still persist in his efforts to enforce their attendance before the expiration of the term, and on his motion for a new trial present them to the court for examination; if, with all his efforts, he is unable to have the witnesses personally present, he should, if practicable, secure their ex parte affidavits, which should be presented for the consideration of the court, which, on the motion for a new trial, will review the whole case and correct any error prejudicial to the defendant which may appear in any part of the proceeding.''

This rule has been consistently followed by the Court and approved in many cases, some of which are: Coward v. State, 158 Miss. 705, 131 So. 254; Robertson v. State, 157 Miss. 642, 128 So. 772; Thigpin v. State, 206 Miss.

87, 39 So. (2d) 768; Bone v. State, 207 Miss. 20, 41 So. (2d) 347.

No error was committed by the court in denying the continuance and overruling the motion for a new trial.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is affirmed.