## SAM ROBERTS *v.* THE STATE.

FORMER JEOPARDY. *Discharge of juror. Trial on the merits.* Const. 1890, § 22.

> Under § 22, const. 1890, providing that there must be an actual acquittal or conviction on the merits to bar another prosecution, a prisoner cannot be discharged on the plea of former jeopardy, on the ground that during his trial, after a witness had been examined, one of the jurors, having recalled the fact that he was on the grand jury which returned the indictment, was, on the motion of the state and without defendant's consent, discharged. In such case it is proper to substitute a juror and proceed with the trial.

From the circuit court of Lincoln county.

HON. J. B. CHRISMAN, Judge.

Appellant was convicted of murder, and sentenced to imprisonment for life. His appeal presents a single question. After appellant had pleaded not guilty and a jury had been impaneled, pronounced qualified and been accepted, and a witness for the state had been examined in chief and was being cross-examined, a juror stated to the court that he had just recollected that he was on the grand jury that had returned the indictment, and he had heard the evidence in the case, as presented to the grand jury. Thereupon, at the request of counsel for defendant, the court took a recess, and, on reassembling, the district attorney moved the court to discharge the juror as incompetent. The court then asked counsel for the prisoner if he had anything to say. Counsel having responded in the negative, the court announced that if the defendant objected it would not exclude the juror. Counsel for defendant responded: "We have nothing to say," and, thereupon, the court announced that, in the absence of any objection on the part of defendant, it would sustain the motion and discharge the juror, and the juror was set aside. Counsel for accused then moved the court for final

discharge, on the ground that he had already been placed in jeopardy. This motion was denied, and the court, after substituting another juror, proceeded with the trial. Defendant was convicted, and appeals.

*Cassedy & Cassedy* and *A. C. McNair*, for appellant.

The motion for a discharge was undoubtedly good, and should have been sustained, unless § 22, const. 1890, changes the settled doctrine heretofore prevailing in this state. That doctrine is that jeopardy begins when the prisoner is arraigned under a valid indictment in a court of competent jurisdiction and he has pleaded not guilty and a jury is impaneled and sworn to try the issue joined. Any discharge of the jury without a legal necessity also discharges the prisoner. *Teat* v. *State*, 53 Miss., 439; *Whitten* v. *State*, 61 *Ib.*, 717; *Helm* v. *State*, 66 *Ib.*, 537. If the latter clause of the section of the constitution is to be construed as meaning that nothing will bar a second prosecution but a verdict of acquittal or conviction after a full hearing of all the evidence, then the whole section becomes a useless piece of verbiage so far as securing any right to the citizen that was not already enjoyed. The first clause is useless, because nullified by the last, and the last only recognizes a right already existing by the common law, and unnecessary to be mentioned at all, unless, perhaps, to guard against a repeal of the common law immunity from a second prosecution. If this was the purpose, why incorporate in the section the first clause, the meaning of which, from frequent judicial interpretation, was well understood to be utterly in conflict with the latter? If nothing but an actual conviction or acquittal will bar a second prosecution, the trial court may, without limit, experiment with the life or liberty of a citizen charged with crime. Successive juries, after the evidence is submitted and arguments made, before retiring from the jury box, might be discharged without reason and without limit. Such a construction was never intended by the framers of the con-

stitution.   A construction, if possible, should be given the section that will harmonize all its parts.   This may be done by interpreting the word "merits," in the latter clause, to mean matter of substance in law, as distinguished from matter of form—a substantial ground of defense in law.   Merits, in this application of it, has the technical sense of merits in law, and is not confined to a strictly moral and conscientious defense.   2 Burrell's Law Dict., p. 194; 3 Chitt. Gen. Prac., 553.

*Frank Johnston*, attorney-general, for the state.

The question presented is not free from difficulty.   The decisions conflict.   Many of the courts hold that where the trial has been entered on, the discharge of a juror over the objection of the prisoner is a bar to a second prosecution.   12 Am. & Eng. Enc. L., 365.   Others make the distinction that a juror manifestly incompetent may be discharged before any evidence is given, while others hold that, even after part of the evidence has been submitted, the court may, in its sound discretion, discharge an incompetent juror and substitute another.   *Grable* v. *State*, 2 Green (Iowa), 559.   Many courts hold that a juror may be discharged, if incompetent, by reason of sickness or when he entertains opinions that manifestly unfit him for discharging impartially his duties as a juror.   Proffat on Jury Trials, § 489.   The facts of each particular case must largely control, and the matter must be left to the discretion of the trial judge.   Proffat on Jury Trials, § 490.   See, also, *Teat* v. *State*, 53 Miss., 439.   *Jefferson* v. *State*, 52 Miss., 767, differs from the case at bar only in this, that the juror was discharged and another substituted before any evidence had been introduced.   In that case the court said the accused did not, at the time, claim a continuance or the privilege of rechallenging the other jurors, or any other benefit as the result of such change; nor did he show that he was in any way prejudiced. As defendant did not object to the action of the court in this case, he cannot assign it for error.   1 Bishop Crim Pro., § 118.

WHITFIELD, J., delivered the opinion of the court.

This appeal is disposed of by § 22, constitution 1890, which provides: "No person's life or liberty shall be twice placed in jeopardy for the same offense; but there must ·be an actual acquittal or conviction on the merits to bar another prosecution." The last clause of this section changes, fundamentally, the old rule, and wisely puts an end to the unmeritorious escape of persons charged with crime, who had been only technically, not really, once tried. It was put into the constitution in ·the interest of due and proper administration of the criminal law, is too plain for construction, means exactly what it says, and, under it, the action of the court below was correct, and the judgment is

*Affirmed.*