STATE OF MISSISSIPPI V. JEFFERSON KENNEDY ET AL.

·[50 South. 978.]

CRIMINAL LAW AND PROCEDURE. *Unlawful cohabitation. Former jeopardy. Constitutional law. Constitution* 1890, *sec.* 22.

Under sec. 22, Constitution of 1890, providing that there must be an actual acquittal or conviction on the merits to bar another prosecution, a *nolle prosequi* entered with the court's consent after the beginning of the trial, although entered over defendant's objection, will not bar a subsequent prosecution for the same offense.

FROM the circuit court of Smith county.

HON. ROBERT L. BULLARD, Judge.

Kennedy, a man, and Stella Fraweek, a woman, appellees, were jointly indicted for unlawful cohabitation, and pleaded former jeopardy. The state demurred to the plea; the court overruled the demurrer, and judgment final was entered for the defendants and the state appealed to the supreme court.

The appellees were jointly indicted for unlawful cohabitation, at the October, 1908, term of court, and were put on trial, but after the state had offered evidence the district attorney, in open court, with consent of the court, over the objection of defendants, entered an order of *nolle prosequi.* Subsequently, at the October, 1909, term of court the appellees were again indicted for the same offense, and to this second indictment they pleaded former jeopardy, predicated of the judgment of *nolle prosequi* above mentioned.

*George Butler,* assistant attorney-general, for appellant.

The two indictments show that the offenses were not the same. In the first indictment it was alleged that the appellees had been unlawfully cohabitating together during and for two years prior to the finding of the indictment which was dated

October 30, 1908. The second indictment alleges that the appellees had been living in unlawful cohabitation during and for two years prior to the finding of the indictment, which was dated October 26, 1909. In the first indictment it is alleged that the appellees habitually engaged in unlawful cohabitation during and for two years prior to October 30, 1908. The second indictment alleges that the appellees habitually indulged in sexual intercourse for, and during two years prior to October 26, 1909. Thus it will be seen that under the indictments as drawn, the appellees are charged with habitual sexual relations during two years prior to the return of the indictments. Now, appellees could not have been tried under the indictment of October, 1908, for an offense occurring subsequently to the finding of that indictment, and even if they had been actually acquitted on the merits of the indictment of 1908, such would not have operated as a bar to a subsequent offense committed after October, 1908, and prior to October, 1909. If appellees lived together, as alleged in this subsequent indictment, and as shown by the plea, during 1909, they could have been tried upon this indictment, even though they had been actually acquitted or convicted on the prior indictment; and if we concede that the plea would have been good as a defense at common law to the offense charged by the first indictment, it does not affect this case. For the plea was too broad, and covers a year of time for which appellees had not been indicted. If the plea had covered only part of that time in the second indictment covered by the first indictment, to-wit: October, 1907 to 1908, then possibly it would have been good at common law, though there are many authorities to the contrary as hereinafter cited; but as stated, inasmuch as the plea covered a year of time not included in the first indictment, it was entirely too broad, and the demurrer was rightfully sustained.

Under section 22 of the constitution, the first prosecution was not a bar to the second one because there was no actual

disposition of the case on its merits. An actual acquittance or conviction on the merits is a *sine qua non* to the bar. This was expressly held in the case of *Roberts v. State,* 72 Miss. 728. The former proceedings might have applied in bar under the common law, but even this has been denied. See *State v. Hodgkins,* 42 N. H. 474; *State v. Thornton,* 35 N. C. 256; *State v. Champeau,* 52 Vt. 513, 36 Am. Rep. 754; *State v. Roe,* 12 Vt. 93.

[No counsel appeared for appellees.]

MAYES, J., delivered the opinion of the court.

We only deem it necessary to notice one question involved in this case, and that is the action of the court in overruling the demurrer of the state to defendant's plea of former jeopardy. The court below should not have overruled the demurrer of the state, since the plea itself shows that there had been no actual acquittal or conviction on the merits, and this being the case the state was not barred from further prosecution. Section 22, of the constitution of 1890, expressly provides that before a person shall be considered to have been once in jeopardy, so as to bar another prosecution, there must be "an actual acquittal or conviction on the merits," and there had been no such acquittal or conviction. In the case of *Roberts v. State,* 72 Miss. 728, 18 South. 481, in speaking of this section the court said: "It was put into the constitution in the interest of due and proper administration of the criminal law, is too plain for construction, and means exactly what it says."

The action of the court below in overruling the demurrer was error.                                         *So ordered.*