## WALTON *v.* CITY OF TUPELO

No. 40195 November 5, 1956 90 So. 2d 193

*Wm. S. Lawson,* Tupelo, for appellant.

C. R. Bolton, Sam E. Lumpkin, Tupelo, for appellee.

McGehee, C. J.

The appellant Dale Walton was tried and convicted in the police court of the City of Tupelo during the early part of the year 1955 on the charge of having kept open a grocery store on the Sabbath day, to-wit on January 2, 1955. He appealed to the circuit court from his conviction and sentence. In May 1955 the prosecution was nol-prossed in the circuit court upon payment of the court costs. Thereafter, on November 19, 1955, he was again arrested on the same charge, entered a plea of nolo contendere in the police justice's court, and then appealed again to the circuit court, wherein he was convicted in a trial on the merits.

On the appeal here he assigns as his principal ground for reversal the failure of the circuit court to sustain his plea of former jeopardy.

Section 22 of the Constitution of 1890 provides: "No person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution."

In the case of State v. Kennedy, 96 Miss. 624, 50 So. 978, it was held that a nolle prosequi is not a bar to another indictment for the same offense, and it was held in the cases of Conwill v. State, 124 Miss. 716, 86 So. 876; Lovern v. State, 140 Miss. 635, 105 So. 759; and Harris v. State, 158 Miss. 439, 130 So. 697, that an actual conviction or acquittal on the merits must be shown to support a plea of former jeopardy.

 The usual practice is that when a case is merely passed to the files at the instance of the prosecution, it may be later revived on motion and tried on its merits in the same court, but where a nolle prosequi is entered the particular case is at an end on the docket, but this does not bar another prosecution for the same offense if commenced in the court where the case originated, as was done in the instant case.

 It is next assigned as error that the circuit court was without jurisdiction to try the second case, that is to say the one commenced in the police court on November 19, 1955, for the reason that the transcript of the record on appeal from the police court to the circuit court contains in the body thereof a recital that, "We, Jas. A. Finley, Police Justice of the City of Tupelo, and J. L. Ballard, Clerk of the City of Tupelo, Mississippi, do hereby certify * * *". Whereas the said transcript is actually certified to by C. B. Hutchinson, Police Justice of the city of Tupelo, Mississippi and W. T. Franks, Clerk of the City of Tupelo. These two last named officials evidently used an old form which had been formerly used by their predecessors in office, James A. Finley, Police Justice,

and J. L. Ballard, City Clerk. The erroneous recital in the body of the transcript was an amendable defect and the objection thereto can not be raised for the first time in this court on appeal. Laird, et ux v. Forbes, 214 Miss. 250, 58 So. 2d 660.

And under Section 1987, Code of 1942, it is provided: "* * * And no judgment in any case originating in a justice court, or in a municipal court, and appealed to the circuit court, shall be reversed because it may appear in the Supreme Court transcript that the judgment or record of the said justice or municipal court was not properly certified or was not certified at all, or was missing in whole or in part, unless the record further shows that objection on that account was made in the circuit court, in the absence of which objection in the circuit court there shall be a conclusive presumption that the defects in this clause mentioned did not exist in the circuit court proceedings: Provided, however, that the foregoing clause shall not apply to cases wherein a record in the Supreme Court of the transcript from the justice or municipal court is necessary to a fair understanding of the proceedings in the circuit court."

We have examined and considered the other assignments of error and we are of the opinion neither of them are well taken.

Affirmed.

*Hall, Kyle, Holmes* and *Gillespie, JJ.*, concur.