ROBERTSON, Presiding Justice, for the Court:
Appellant, L. C. Coley, was indicted, tried and convicted in the Circuit Court of Jackson County for the murder of Edsel Dun-nam. He was sentenced to life imprisonment in the Mississippi Department of Corrections.
Coley appeals, assigning as error:
I.The trial court erred in permitting questions on the appellant’s previous marital difficulties.
II.The trial court erred in refusing a mistrial because of the district attorney’s reference to “trouble” between the appellant and Dalton Rogers.
III. The district attorney committed reversible error by referring to another case involving the appellant.
IV. Instruction S-l interfered with each juror’s right to reach his own decision.
V.The district attorney’s remarks in summation, that the appellant beat his wife and was unfit to raise children, were improper and prejudicial.
About 6:00 p. m. on June 11,1978, Mrs. L. C. Coley, who was separated from her husband, was sitting at the kitchen table with Isaac Young and Ed Dunnam. Mrs. Coley heard the defendant drive up and she went out to talk with him. Their marriage had been stormy, and after a short conversation, Coley knocked his wife down and came into the house.
The evidence is conflicting as to whether any words were exchanged between Coley and Dunnam, but the upshot of the confrontation was that Coley fired one shot from a .22-caliber pistol into Dunnam’s upper stomach, just under his rib cage, and Dunnam died from massive hemorrhage of the liver, the bullet having severely lacerated the liver as it passed through it.
Dr. Donald Dore, who performed an autopsy on the deceased, testified that, from the alcoholic content in the blood, it was his opinion that the deceased was drunk at the time he was killed.
Coley admitted firing the fatal shot, but contended that he shot in self-defense. He testified that he said:
“Ed, I told you not to come here in front of my kids like this;”
that Dunnam cursed and threatened him and went for his pocket and that’s when he shot Dunnam. Coley said he didn’t intend to kill Dunnam but merely to stop him. No weapon of any kind was found on Dunnam.
I.
Appellant contends that the court erred in permitting questions about previous marital difficulties. Teresa Stallings, Mrs. Coley’s niece, testified that her aunt and uncle were separated, that it had been a stormy marriage, and that when Coley appeared on the scene the day of the killing he knocked his wife down before coming into the house.
In May v. State, 199 So.2d 635 (Miss.1967), we said that the general rule of evidence, that evidence of other and distinct offenses should not be allowed, is subject to exceptions, and that:
“[0]ne of the excepted classes is where the evidence of a former, distinct offense *1097 is offered to show intent or motive in the commission of the crime charged.” 199 So.2d at 641.
We think that the testimony objected to tends to show intent or motive for the shooting, and that it was admissible under the exception noted in May, supra. We note also that appellant made only a general objection to this testimony, that is was irrelevant. A specific objection was necessary, and in the absence of a specific objection we have said that the objection would be deemed to have been waived. Norman v. State, 302 So.2d 254 (Miss.1974).
II.
Appellant next contends that the court erred in overruling his motion for a mistrial because of the district attorney’s reference to “trouble” between appellant and one Dalton Rogers. When it appeared that this incident, wherein appellant had Had a previous difficulty with Rogers over his wife, had occurred in October, 1977, before the shooting of Dunnam on June 11, 1978, the court sustained appellant’s objection. In Logsdon v. State, 183 Miss. 168, 183 So. 503 (1938), this Court said:
“Ordinarily, error in the asking of an improper question is cured by not permitting it to be answered. Whether such an error is incurable and a mistrial therefor, if requested, should be granted rests in the sound discretion of the trial court, . . .” 183 Miss. at 170, 183 So. at 503.
We do not think that the trial court abused its discretion when it overruled appellant’s motion for a mistrial based on the mere asking of an improper question, where the court had already sustained appellant’s objection to it.
III.
Appellant contends that the district attorney committed reversible error by referring to another case involving the appellant.
The remark complained of does not appear in the record and the record reflects only a motion for a bill of exceptions. No bill of exceptions of any kind appears in the record.
In Smith v. State, 158 Miss. 355, 128 So. 891 (1930), we held that a bill of exceptions not in compliance with statutory requirements [Miss. Code Ann. §§ 99-17-39 and 99-17-43 (1972)] would not be considered by the Court.
IV.
Appellant contends that Instruction S-l interfered with each juror’s right to reach his own decision. Instruction S-l was:
“The Court instructs the Jury that all twelve jurors must agree before a verdict may be returned in this case.”
Instruction D-3 was in greater detail and specifically instructed the jury along the same line. Considering the instructions as a whole and specifically considering the specificity of instruction D-3, as compared with the general language of S-l, we are of the opinion that the jury was adequately instructed on the law and was not misled by instruction S-l.
V.
Finally, the appellant contends that these statements in the district attorney’s closing argument were improper and prejudicial: that appellant “had already beat his wife out in the yard”, and
“Is that the kind of person you want to stay at home and raise your children? Is that the kind of person you would want to take somebody else’s child away from?”
We have said many times that considerable latitude must be allowed counsel in arguing the case before the jury. In Clemons v. State, 320 So.2d 368 (Miss.1975), we said:
“There are, however, certain well-established limits beyond which counsel is forbidden to go; he must confine himself to the facts introduced in evidence and to the fair and reasonable deductions and conclusions to be drawn therefrom, and to the application of the law, as given by the court, to the facts.” 320 So.2d at 371.
*1098 We think that the district attorney did stay within these limits, because there was evidence in the record that appellant had beat his wife immediately before entering her house, and that there was evidence in the record justifying the asking of the rhetorical question objected to.
For these reasons, we are of the opinion that the conviction and sentence should be affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.