Earl Moore, Jr., appeals his conviction of grand larceny and, as a habitual offender under Miss. Code Ann. § 99-19-81 (1985), for which he was sentenced to five years imprisonment by the circuit court of the second judicial district of Harrison County. Because there was a violation of Moore's right to be tried within 270 days of his arraignment under Miss. Code Ann. § 99-17-1
(1986), we reverse and discharge the appellant.
 FACTS
We only state the facts necessary to the disposition of this case. Moore was indicted by the grand jury on April 9, 1986, for a January 13, 1986, larceny of items taken from a Biloxi store. On April 30 he filed a waiver of arraignment and entered a plea of not guilty. His trial date was set for July 14. On July 14 an order was entered sustaining the State's motion to nolle prosequi in order to re-indict Moore as a habitual offender under Miss.Code Ann § 99-19-81. On August 15 he was re-indicted for the same offense, with the habitual offender charges added. He was arraigned a second time on September 19, 1986.
On February 10, 1987, the defense filed a motion to quash the indictment for failure to comply with the statutory 270-day rule. On March 12 a second motion to quash was filed for the same reason. On June 18 the circuit judge signed an order overruling the motion to quash, entered it as of July 1, and it was filed July 3. On August 20 a third motion to quash was filed, and renewed prior to jury selection, all of which were overruled. Trial was had on August 26, 1987, resulting in Moore's conviction.
There was no motion made by the defendant for a continuance or any reason on his part to cause any delay. Neither did the State ask for any delay, except that occasioned by the nolle prosequi.
 LAW
This is not a case in which any justification was attempted for the delay in Moore's trial. See: Fisher v. State, 532 So.2d 992
(Miss. 1988) (no violation of constitutional or statutory right to speedy trial by delay caused by defendant's appeal of unrelated death sentence and court was justified in choosing not to expend scarce judicial and prosecutorial resources);Williamson v. State, 512 So.2d 868 (Miss. 1987) (congested court docket); Reed v. State, 506 So.2d 277 (Miss. 1987) (no violation of statutory right to speedy trial by delay caused by plea negotiations); Nations v. State, 481 So.2d 760 (Miss. 1985) (judicial determination of good cause for granting a continuance and defendant's acquiescence to continuance due to withdrawal of defense counsel); State v. Sistrunk,404 So.2d 564 (Miss. 1981) (defendant failed to object to continuances and failed to assert his right to speedy trial); Diddlemeyer v.State, 398 So.2d 1343 (Miss. 1981) (constitutional right to a speedy trial not violated by delay due to fact that grand jury was not in session when the crime was committed and crowded court docket); Carlisle v. State, 398 So.2d 1312 (Miss. 1981) (neither constitutional nor statutory right to speedy trial violated where defendant neither asserted right to speedy trial nor alleged any prejudice *Page 1033 
that flowed from trial delay); Atkinson v. State, 392 So.2d 205
(Miss. 1980) (statutory right to a speedy trial not violated by delay due to reversal of conviction on appeal and remand for new trial); Durham v. State, 377 So.2d 909 (Miss. 1979) (no violation of defendant's constitutional right to speedy trial by continuance granted due to death in defense counsel's family and delay caused by continuance granted defendant's court appointed counsel for preparation).
The relevant dates are as follows:
1-13-86 Date of Crime
4-09-86 Indictment
4-30-86 "Waiver of Arraignment" filed
7-14-86 Date set for trial; Order Nolle
 Prosequi entered
8-15-86 Reindictment
9-19-86 2nd Arraignment
2-10-87 1st Motion to Quash pursuant to
 270 Day Rule executed
3-12-87 2nd Motion to Quash pursuant to
 270 Day Rule filed
6-18-87 Order overruling Motion[s] to
 Quash executed
7-01-87 Order overruling Motion[s] to
 Quash entered
7-03-87 Order overruling Motion[s] to
 Quash filed
8-20-87 3rd Motion to Quash pursuant to
 270 Day Rule filed
8-26-87 Date of Trial
8-27-87 Trial ends and sentencing

From the date of Moore's waiver of arraignment to the first indictment on April 30, 1986, until the date it was nol prossed on July 14, totaled 75 days.
On September 19 he was arraigned for the same offense under a second indictment. When the first motion to quash was made on February 10, 1987, 144 days had elapsed from the September 19, 1986, arraignment, and when the second motion to quash was made on March 12, 174 days had elapsed.
On June 18, 1987, 272 days had elapsed since the arraignment under the second indictment.
He was tried on August 26, 1987, 341 days after the second arraignment, over two months beyond the maximum period authorized by statute. Nothing appearing in this record either excusing or justifying this delay, it follows that this case must be reversed and the appellant discharged. Payne v. State, 363 So.2d 278
(Miss. 1978).
REVERSED AND APPELLANT DISCHARGED.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., not participating.