574 So.2d 1 (1990)
Kenneth Lavon GALLOWAY
v.
STATE of Mississippi.
No. 89-KA-0918.
Supreme Court of Mississippi.
December 19, 1990.
Merrida P. Coxwell, Jr., Stanfield Carmody & Coxwell, Jackson, for appellant.
Mike C. Moore, Atty. Gen., Wayne M. Snuggs, Asst. Atty. Gen., Charlene R. Pierce, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and SULLIVAN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Kenneth Lavon Galloway was found guilty of capital murder of Jacqueline Nash and was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections. He has appealed to this Court and assigns the following issues for decision:
I.
WHETHER GALLOWAY'S CAPITAL MURDER TRIAL WAS BROUGHT WITHIN THE 270 DAY PERIOD PRESCRIBED BY MISS. CODE ANN. § 99-17-1 (Supp. 1989).
II.
WHETHER THE LOWER COURT ERRED IN REFUSING TO AWARD APPELLANT'S COUNSEL ADDITIONAL COMPENSATION COMMENSURATE WITH THE WORK INVOLVED IN THE CASE IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

FACTS
Kenneth Galloway and Jacqueline Nash had been dating and cohabiting prior to the homicide. During this time Galloway had access to her apartment. Nash severed her relationship with Galloway and he was no longer permitted access to her apartment. On the day of the homicide Nash left her apartment, locked the door, and went to her mother's house to do laundry. Around 7:30 that evening, Nash returned home in the company of her brother, her infant son, and a friend. Prior to her return home, Galloway had gone to Nash's apartment, concealed his car, let himself into the apartment and lay in wait for Nash's return, hiding himself in the bedroom closet.
Upon Nash's arrival home she unlocked the door and allowed her guests in. Nash's brother promptly left after helping her carry in the laundry. Nash put her son to bed and her friend began to watch television. Nash entered the bedroom and Galloway sprang from the closet wielding a knife. Galloway began stabbing Nash who was screaming. Her friend heard Nash's screams, viewed part of the attack, and fled in fear for her life.
*2 Galloway continued to stab Nash as she attempted to escape. A trail of blood which began in the bedroom, stretched throughout the dwelling, and ended on the front balcony where Nash's body was found. A neighbor testified that, while investigating the noise she heard from the Nash apartment, she saw Galloway leaning over Nash, on the front balcony, sawing across her throat with a knife, while Galloway gritted his teeth making a growling sound. An autopsy later revealed that, while Nash had been stabbed numerous times on various parts of her body, the cause of her death was the minimum of five deep cuts to the throat which penetrated all the way through the neck to the spinal column at the back of the neck.

LAW

I.
The only issue presented to this Court on the conviction judgment is that Galloway was denied a speedy trial. He was arraigned on an indictment for murder less than capital on January 7, 1987. On March 9, 1987, Galloway filed a motion for continuance and a new trial date was set for May 12, 1987. On May 4, 1987, Galloway failed to appear in court, and a bench warrant was issued for him. On October 19, 1987, Galloway was apprehended and taken back into custody. On December 31, 1987, Galloway filed a motion for continuance and trial date was set for March 15, 1988. On May 5, 1988, Galloway was arraigned on a capital murder charge, after having been re-indicted for capital murder on April 11, 1988.[1]
Galloway was tried upon the capital charge and his trial was well within the 270 day rule from the time of arraignment. See Moore v. State, 556 So.2d 1031 (Miss. 1990); See also State v. Thornhill, 251 Miss. 718, 171 So.2d 308 (1965) (nolle prosequi of an indictment does not bar subsequent indictment for same offense); Walton v. City of Tupelo, 229 Miss. 193, 90 So.2d 193 (1956) (same); State v. Kennedy, 96 Miss. 624, 50 So. 978 (1910) (same).
We recognize that the constitutional right of defendant to a speedy trial attaches at the time such person becomes accused. Beavers v. State, 498 So.2d 788 (Miss. 1986). The balancing test set out in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) is applied to determine whether or not a defendant's constitutional right to a speedy trial has been violated. We have considered (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant has been prejudiced by the delay in determining whether or not Galloway's right to a speedy trial has been violated under the test of Barker.
We are of the opinion that there has been no such violation and that the complaint has no merit.
The issue presented is rejected.

II.
The appellant makes no argument in favor of the second proposition that the lower court erred in refusing to award appellant's counsel additional compensation commensurate with the work involved in the case in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. He simply asserts the right and relies on the arguments presented in the case of Wilson v. Jones, Nos. 89-KA-301 and 89-KA-302, which case was submitted on July 25, 1990 and is presently being considered by the Court. We further note that Cause No. 89-CA-814, Marion Albert Pruitt v. State is before the Court on the same question.
Therefore, we pass this issue without prejudice for the appellant to present the issue following the decisions of the above cases.
CONVICTION OF CAPITAL MURDER AND SENTENCE TO SERVE A TERM OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.
*3 HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] In the sentencing phase of the trial, the jury was unable to agree upon the sentence.