# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-KA-00959-SCT

*STATE OF MISSISSIPPI*

*v.*

*ANTHONY SHUMPERT*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/02/97 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  CLAY JOYNER |
| ATTORNEY FOR APPELLEE: | JIM WAIDE |
| DISTRICT ATTORNEY: | JOHN R. YOUNG |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED- 11/19/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/10/98 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. The State of Mississippi appeals to this court from a dismissal of an indictment in favor of Anthony Shumpert by the Circuit Court of Lee County.

¶2. The dismissal order had its origin in the re-indictment of Shumpert after a nolle prosequi by the State which was based on erroneous information reflecting that Officer Allen Gilbert could not identify Shumpert, when in fact, later when personally asked about this, Officer Gilbert stated that he could identify Shumpert.

¶3. We find that the re-indictment for the same offense after an order of Nolle prosequi does not bar prosecution. ***Beckwith v. State***, 615 So. 2d 1134, 1147-48 (Miss. 1992) (citing ***Smith v. State***, 158 Miss. 355, 359, 128 So. 891, 892 (1930)). Accordingly, we reverse and remand.

## FACTS

¶4. Anthony Shumpert and his brother, Kevin Antonio Shumpert, were initially indicted by a Lee County

Grand Jury on charges of simple assault on Police Officer Allen J. Gilbert. Assistant District Attorney, Roland Geddie, was assigned the case after the indictment was returned.

¶5. Geddie received information that led him to believe that Officer Allen Gilbert, the investigating officer, would not be able to identify the defendants. Geddie attempted to contact Officer Gilbert to verify this supposed correct information, but Gilbert was out of town. Geddie, thinking that Officer Gilbert could not identify the defendants, filed a Motion to Nolle Prosequi the case. The Circuit Court of Lee County sustained the motion to nolle prosequi on August 26, 1996. Officer Gilbert was subsequently contacted and notified of the nolle prosequi by the chief of police. Gilbert then informed his chief that he had known the defendants for years and could absolutely identify them. The chief then informed Geddie that he (Geddie) had been acting under a misunderstanding when the case was nolle prossed because, in fact, Officer Gilbert could identify both defendants.

¶6. In September of 1996, Anthony Shumpert filed suit in the United States District Court for the Northern District of Mississippi against Officer Allen Gilbert for malicious prosecution.

¶7. Acknowledging that Assistant District Attorney Geddie had made a mistake, the case was re-presented during the February 1997 grand jury term and an indictment was entered on the case. The defense then filed a motion to dismiss stating, "this indictment is brought solely in retaliation for the filing of a federal lawsuit." The motion to dismiss was then granted by Circuit Court Judge Barry Ford. However, Judge Ford did not make any finding that the case was re-presented to the grand jury for the purpose of retaliation. He simply stated that the proof had not changed from one indictment to the other.

¶8. The State of Mississippi contends that a good faith error was made, resulting in the initial motion to nolle prosequi. The State argues that the State should have been allowed to go forward with the new indictment that was obtained subsequent to the federal case. The State requests that this Court reverse the order of dismissal and allow the Shumpert brothers to be brought to trial.

¶9. The State appeals raising the following issues:

**I. WHETHER THE CIRCUIT COURT ERRED IN DISMISSING THE INDICTMENT SINCE IT WAS NOT FOUND TO BE RETALIATORY?**

**II. WHETHER A RE-INDICTMENT WOULD ALLOW THE STATE TO FRUSTRATE DEFENDANTS' SPEEDY TRIAL RIGHTS AND ALLOW THE STATE TO TAKE ADVANTAGE OF UNLAWFUL EX PARTE COMMUNICATIONS?**

## LEGAL ANALYSIS

**I. WHETHER THE CIRCUIT COURT ERRED IN DISMISSING THE INDICTMENT SINCE IT WAS NOT FOUND TO BE RETALIATORY?**

¶10. Appellee argues that the second indictment was obtained for the purpose of retaliation. He contends that the State had represented that there was insufficient evidence to support the first indictment, and no new evidence was uncovered before the second indictment. Appellee states, "because nothing has changed between the first and second indictments, except the filing of the federal lawsuit, the conclusion is inescapable that the filing of the federal lawsuit was the reason for the second indictment." Moreover,

appellee reads Judge Ford's order as indicative of his belief that the filing of the federal lawsuit was the reason for the second indictment.

¶11. At the hearing on the Motion for Dismissal, Judge Ford gave the following reasons for the dismissal:

> The court is of the opinion that at the time that this indictment was sought, the first indictment in Cause 95-426, that the information contained in there contained all the essential facts necessary to obtain an indictment, that subsequent to this indictment that the State filed the motion to nol pros the case, and in that motion they indicate that was insufficient evidence. Later, that the defendant in this cause, Anthony Shumpert, filed a lawsuit against Allen J. Gilbert, the officer that was the subject of the assault on a police officer in the first indictment; that after this was filed that the **State then went back and re-indicted him, basically on the same facts, same circumstances, same evidence**. The Court is of the opinion that this indictment should and ought not to go forward, that the motion to dismiss in the court's opinion is well-taken and that it should be sustained.

(emphasis added).

¶12. More importantly, the trial judge went on to add, "I do not make a finding of fact that it was retaliation. That is not the finding." Although Shumpert argues that such a statement by the judge was simply an attempt to avoid embarrassment to the State by declining to put on the record a formal finding of grievous misconduct, such a conclusion lacks merit, as the record reflects otherwise. In sum, the only reasonable rationale stated by the trial judge for the dismissal was that the subsequent indictment after the nolle prosequi was based on the same evidence as the first indictment. The circuit court indicated that it was treating the nolle prosequi as a double jeopardy issue.

¶13. As the State aptly articulates, "this is hardly a reason to dismiss the second indictment." Legal precedent in the State of Mississippi is clear that the State can re-indict an accused for the same offense after an order of nolle prosequi has been entered. *See State v. Kennedy*, 96 Miss. 624, 50 So. 978 (1910)); *State v. Thornhill*, 251 Miss. 718, 723, 171 So. 2d 308, 310 (1965)). In short, "where a nolle prosequi is entered the particular case is at end on the docket, but this does not bar another prosecution for the same offense if commenced in the court where the case originated, as was done in the instant case." *Walton v. City of Tupelo*, 229 Miss. 193, 196, 90 So. 193, 195 (1956)).

¶14. In the case at bar, the case was commenced once again in the same court where the case originated, as required by precedent. The reason for the re-indictment is straightforward: the State made a mistake, albeit a good faith mistake, in ordering the nolle prosequi after the first indictment. The Assistant District Attorney, Geddie, came under the mistaken belief that Officer Gilbert might not be able to identify the defendants. Geddie was unable to confirm this information since the officer was out of town. Operating under this mistaken belief, Geddie asked for and received the permission of the court to nolle pros the case. This mistake was corrected when Officer Gilbert's superiors discussed the case with him and reported their error to Geddie.

¶15. We find this Court's case in *Beckwith v. State*, 615 So. 2d 1134, 1147-48 (Miss. 1992), to be controlling on this issue. This Court concluded in *Beckwith*, that a nolle prosequi order is not an actual acquittal or conviction on the merits to bar another prosecution. Indeed, this Court wrote, "this Court has held that following a mistrial declared because of a hung jury, a nolle prosequi entered at the request of the State did not terminate the original jeopardy, and the State was not barred thereafter from seeking the re-

indictment of and re-prosecuting the defendant from the same offense." *Id.* at 1147 (citing *Smith v. State*, 158 Miss. 355, 359, 128 So. 891, 892 (930)). As case law indicates, the fact that the re-indictment stems from the same operant facts as the original should have no bearing whatsoever on the Motion for Dismissal filed by the defendant/appellee in this case.

¶16. The case law and the record support a finding that this Court should overturn the dismissal order. On the record, the Circuit Court judge specifically stated that it did not make a finding that the re-indictment was based on retaliation. The trial court's only reason for the dismissal was that the two indictments were based on the same circumstance. Although the State admits that it nolle prossed due to a mistake, such a mistake was made in good faith. Furthermore, based on our case law, the State can re-indict an accused for the same offense after an order of nolle prosequi has been entered. We find the issue meritorious and accordingly reverse and remand.

### II. WHETHER A RE-INDICTMENT WOULD ALLOW THE STATE TO FRUSTRATE DEFENDANTS' SPEEDY TRIAL RIGHTS AND ALLOW THE STATE TO TAKE ADVANTAGE OF UNLAWFUL EX PARTE COMMUNICATIONS?

¶17. Shumpert further contends, "a judgement of a trial judge which is correct is to be affirmed if the ruling is correct for reasons different than those given by the judge." *See Larry v. Moody*, 242 Miss. 267, 279, 134 So. 2d 462, 467 (1961); *Miller v. Miller*, 173 So. 2d 424 (Miss. 1965);*McIntosh v. Johnson*, 649 So. 2d 190, 193 (Miss. 1995); overruled on other grounds by *Norman v. Bucklew,* 684 So. 2d 1246 (Miss. 1996); *Gates v. Gates*, 616 So. 2d 888, 890 (Miss. 1993). Shumpert argues that the circuit court was correct in sustaining the motion to dismiss because a failure to do so would frustrate his speedy trial rights. Appellee relies on Miss. Code Ann. § 99-17-1 where defendants are entitled to a speedy trial within 270 days of the date of the arraignment. He indicates that the process of the State taking an ex parte nolle prosequi indictment that had been pending for 270 days and then re-indicting is a way the State can avoid application of the 270 rule and gain advantage over the defendants.

¶18. It is recognized that the constitutional right of a defendant to a speedy trial attaches at the time such person becomes accused. *Galloway v. State*, 574 So. 2d 1, 2 (Miss. 1990) (citing*Beavers v. State*, 498 So. 2d 788 (Miss. 1986)). Appellee is correct in stating that under Miss. Code Ann. § 99-17-1, defendants are entitled to a speedy trial within 270 days of the date of arraignment. This court, however, has held that where a defendant is re-indicted for the same crime, the 270 day rule does not begin to run until the arraignment on the re-indictment. *See Corley v. State*, 584 So. 2d 769, 771-72 (Miss. 1991) (citing*Moore v. State*, 556 So. 2d 1031, 1033 (Miss. 1990)); *Galloway*, 574 So. 2d at 2. Furthermore, the Court in *Corley* stated that even if the State, as the Shumperts assert here, "attempts to circumvent the 270 day rule by dismissing an indictment and re-indicting a defendant on a separate charge arising out of the same facts and circumstances, we would reach that issue under the balancing test set out in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed. 2d 101 (1972)." *Corley*, 585 So. 2d at 772.

¶19. From an analysis of the facts of the case, it seems clear that the appellee's re-indictment was for the same offense. After the confusion over whether the officer could identify the defendants had been resolved, the State had reason to proceed with the re-indictment of the appellees for assault, and as the record indicates, it did just that. Thus, the controlling precedent can be found in this Court's decision in *Corley v. State*, where a defendant is re-indicted for the same crime, the 270 day rule does not begin to run until the arraignment on the re-indictment. Consequently, the appellee's contention that a re-indictment would

frustrate his right to a speedy trial lacks merit.

¶20. The appellee alleges, "there will be no need for the State to ever attempt to comply with the statutory 270 day rule, since all it needs to do is to make an ex parte motion for nolle prosequi as the 270 days approaches, and then re-indict." From the facts, it seems clear that the reason for the re-indictment was not for the State to gain unfair advantage over the defendant, but that the State was ready to proceed once it had clarified its good faith mistake.

¶21. Alternatively, if one views the State as attempting to circumvent the 270 day rule, analysis under the balancing test set out in *Barker v. Wingo*, is required as recognized by this Court in *Corley v. State*. The balancing test is applied to determine whether or not a defendant's constitutional right to a speedy trial has been violated. *See Galloway*, 574 So. 2d at 2. Under the *Barker* test, we must consider the following: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant has been prejudiced by the delay. We have considered all four *Barker* factors and find no speedy trial violations.

¶22. The main issue in the case at bar, is whether there was a valid reason for the delay. Although appellees allege that the State took the ex parte nolle prosequi for a less than valid reason--to await the return of the co-defendant such an allegation is incorrect under the record.

> [QUESTION:] Sir, is it your testimony that you were informed that somebody had indicated the suit was dropped because you couldn't identify Mr. Shumpert?
>
> [OFFICER GILBERT:] Yes, sir.

The reason for the delay was valid--a good faith mistake by the District Attorney's office. Consequently, the defendants' right to a speedy trial was not violated under the *Barker* test.

## CONCLUSION

¶23. The case law and facts of the case *sub judice* do not demonstrate that a re-indictment would allow the state to frustrate defendants' speedy trial rights, nor would it allow the state to take advantage of unlawful ex parte communications.

¶24. The Circuit Court of Lee County erred in dismissing the indictment since it was not found to be retaliatory. Legal precedent in Mississippi is clear that the State can re-indict an accused for the same offense after an order of nolle prosequi has been entered. The reason for the State's re-indictment is obvious: the State received the wrong information, ordered a nolle prosequi as a result of this misinformation, and once the misunderstanding was resolved, sought a prosecution. As case law indicates, the fact that the re-indictment stems from the same operant facts as the original should have no bearing whatsoever on the Motion for Dismissal.

¶25. Appellee further argues that the circuit court was correct in sustaining the motion to dismiss because a failure to do so would frustrate his right to a speedy trial. Appellee is correct in stating that under Miss. Code Ann. § 99-17-1, defendants are entitled to a speedy trial within 270 days of the date of arraignment. This Court, however, has held that where a defendant is re-indicted for the same crime, the 270 day rule does not begin to run until the arraignment on the re-indictment. Furthermore, this Court has stated that even if one views the State as attempting to circumvent the 270 rule by dismissing an indictment and re-

indicting a defendant on a separate charge arising out of the same facts and circumstances, the Court would reach that issue under the *Barker* balancing test. Analysis under such a test renders the conclusion that the defendants' right to a speedy trial has not been violated.

¶26. **REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, ROBERTS, MILLS AND WALLER, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**


**McRAE, JUSTICE, DISSENTING:**


¶27. The majority is hiding behind the legal doctrine of nolle prosequi to bypass our speedy trial doctrine. The Court protects itself with the "precedent" that re-indictment after a nolle prosequi is proper. It hides in the shadows of case law not applicable to our modern law, and, in so doing, defeats the purpose of what is our speedy trial doctrine. I dissent.

¶28. Nolle prosequi is the process of placing an active case in passive mode such that it is at an end on the docket. *See Walton v. City of Tupelo*, 229 Miss. 193, 196, 90 So. 2d 193, 194 (1956). Several archaic nolle prosequi cases require re-indictment to bring a case after a nolle prosequi as to the first indictment. *See State v. Thornhill*, 251 Miss. 718, 723, 171 So. 2d 308, 310 (1965); *Walton*, 229 Miss. at 196, 90 So.2d at 194; *and State v. Kennedy*, 96 Miss. 624, 50 So. 978 (1910). Yet, these nolle prosequi cases, so diligently cited by the Court, predate our current speedy trial law.

¶29. For many decades our speedy trial doctrine was exclusively governed by U.S. Const. amend. VI and Miss. Const. art. III, § 26. Only since 1976 have we maintained a statutory 270 day speedy trial scheme. *See* Miss. Code Ann. § 99-17-1 (1994). Hence, the cases cited by the Court are not pertinent to the statutory scheme. Rather, those cases apply to the constitutional speedy trial doctrine, which employs a balancing test. *See Galloway v. State*, 574 So. 2d 1, 2 (Miss. 1990) (*citing Beavers v. State*, 498 So. 2d 788 (Miss. 1986); *and Barker v. Wingo*, 407 U.S. 514 (1972)). The majority also relies on *Beckwith v. State*, 615 So.2d 1134 (Miss. 1992), but such reliance too is misguided. The facts in *Beckwith* bespeak a 1963 murder; again, a time when this State relied solely on constitutional balancing principles and not on the statutory 270 day limitation, which explains why this Court used the constitutional test in its analysis.

¶30. The statutory doctrine, on the other hand, is a relatively bright line test that requires a trial within 270 days of arraignment. In Miss. Code Ann. § 99-17-1 (1994), the legislature clearly states that "[u]nless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned." *See also Moore v. State*, 556 So. 2d 1031, 1032 (Miss. 1990). Yet, the Court cites *dictaobiter dicta* nonethelessfrom *Corley v. State*, 584 So. 2d 769 (Miss. 1991), to hold that the *Barker* test should apply when, as here, "the State attempts to circumvent the 270 day rule by dismissing an indictment and re-indicting a defendant on a separate charge arising out of the same facts and circumstances." *See id.* at 772. Indeed, if we were to apply *Barker* in such a fashion, what utility would the

statutory rule maintain? The answer is noneall bright line utility, in light of the extant constitutional balancing test, would run out as sand in a sieve.

¶31. Re-indictment is a ploy to circumvent the statute. Re-indictment and relative re-arraignment allow a fresh 270 day time period to run. Nolle prosequi is simply the passivity of an active caseno justice stems from re-indicting while a case is still active. It is only proper to re-indict, thus eviscerating the nolle prosequi, when a new crime is at issue. *See* Miss. Code Ann. § 99-11-29 (1994). Such is not this case.

¶32. In the instant case, the first indictment was filed November 21, 1995. The State's Motion to Nolle Pross was sustained on August 26, 1996. The second indictment was filed March 6, 1997. On July 2, 1997, the Circuit Court sustained Shumpert's Motion to Dismiss, though it did not agree with Shumpert that the second indictment was retaliatory for his filing a federal lawsuit on September 26, 1996. Four-hundred seventy-one (471) days passed between the filing of the first and second indictments, of which 279 elapsed between the first indictment and the nolle prosequi. At least 589 days passed between the first indictment and the actual dismissal. Of those days, 192 of them account for the time between the nolle prosequi and filing of the second indictmentthe prosecution took in excess of an **extra half-year** to prepare its case after the first indictment!

¶33. Indeed, despite the majority's convenient failure to count the days, the case was null almost immediately after nolle prosequi was granted. The State simply attained extra time to ponder its case. The second indictment was filed after Officer Allen Gilbert was served with a federal complaint, yet the judge below did not find retaliation to be the reason for the second indictment. Hence, the re-indictment unequivocally dealt with the same situation and evidence that was the subject of the first indictment and the nolle prosequi. The case originally and sufficiently indicted in November 1995, which was properly nolle prossed in August 1996, was allowed to continue. The prosecution plainly received unreasonable amounts of time to prepare. There is nothing speedy about this case.

¶34. There was an unreasoned re-indictment herea perfect example of bypassing speedy trial issues. All the prosecution needs do is claim nolle prosequi and it may extend time to its benefit. Then, the defendant is weighed down with the negative psychological burden of waiting longer for a verdict while the prosecution attains unreasonable time to create a provable case. Such blatant prosecutorial abuse of the system must cease. Accordingly, I dissent.

**SULLIVAN, P.J., JOINS THIS OPINION.**