PAYNE, J.,
for the Court:
PROCEDURAL HISTORY AND FACTS
¶ 1. On or about April 15, 1997, Shayne Martin stole a lawnmower from Dorothy Martin. In May 1997, a Marion County grand jury indicted Martin for grand larceny, and his trial was set for August 1997. Shortly before trial, the parties agreed to nolle prosse the matter and to place Martin in a pre-trial intervention program. In October 1997, upon finding that Martin did not comply with the terms of the pre-trial intervention agreement, the district attorney filed to terminate Martin’s participation in the program. Martin signed a waiver of indictment and pled guilty to grand larceny for the theft of the lawn mower.[1] In April 1998, the circuit court *813 accepted Martin’s plea of guilty to grand larceny and sentenced him to serve five years with the Mississippi Department of Corrections (“MDOC”) with three years suspended. Subsequently, Martin qualified for the Regimented Inmate Discipline program and was resentenced to probation and ordered to go to the Restitution Center. Martin filed a petition for post-conviction relief claiming that he did not knowingly, voluntarily or intelligently enter his guilty plea, that the trial court’s allowance of the plea violated Martin’s constitutional rights against double jeopardy, and that the trial court did not have jurisdiction to impose sentence on him. Martin’s motion for post-conviction relief was denied, as was his motion for reconsideration. Feeling aggrieved, Martin filed this appeal, raising the same issues he cited in his motion for post-conviction relief.
ANALYSIS OF THE ISSUES PRESENTED
STANDARD OF REVIEW
¶ 2. With this appeal, Shayne Martin raises the following issues for our review:
I. THE GUILTY PLEA ENTERED BY THE APPELLANT WAS IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE 3, SECTION 22 OF THE MISSISSIPPI CONSTITUTION; AND CONTROLLING FEDERAL AND STATE CASE LAW.
II. THE GUILTY PLEA OF THE APPELLANT WAS NOT ENTERED INTO KNOWINGLY, VOLUNTARILY OR INTELLIGENTLY;
III. THE TRIAL COURT WAS WITHOUT JURISDICTION TO IMPOSE SENTENCE UPON THE GUILTY PLEA OF THE APPELLANT.
¶ 3. Martin claimed in his motion for post-conviction relief that the trial court’s allowing him to enter his guilty plea was a double jeopardy violation. “In reviewing a trial court’s decision to deny a motion for post-conviction relief the standard of review is clear. We will not reverse such a denial absent a finding that the trial court’s decision was clearly erroneous.” Fitzgerald v. State, 754 So.2d 613 (¶ 6) (Miss.Ct.App.2000). For the reasons cited herein, we find no error in the trial court’s rulings and affirm on all issues.
DISCUSSION OF THE ISSUES
I. THE GUILTY PLEA ENTERED BY THE APPELLANT WAS IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE 3, SECTION 22 OF THE MISSISSIPPI CONSTITUTION; AND CONTROLLING FEDERAL AND STATE CASE LAW.
¶ 4. With this first issue, Martin argues his entry of a guilty plea after his initial indictment violates double jeopardy provisions of the Mississippi and U.S. constitutions. Recapping the procedural history that brought Martin to this juncture, Martin was initially indicted for grand larceny in May 1997 in the Marion County Circuit Court. In August 1997, Martin agreed to enter a pre-trial intervention program, agreeing with the district attorney to nolle prosse the charge. Thereafter, Martin failed to comply with the terms of the pre-trial intervention program. In October 1997, the district attorney filed a motion to remove Martin from the program and filed an information charging Martin with grand larceny. The circuit court judge entered an order for Martin’s removal from the pre-trial intervention program pursuant to Miss.Code Ann. § 99-15-123(2) (Rev.1994).[2] Subsequent *814 ly, Martin waived his right to be re-indicted for grand larceny, pled guilty, and was sentenced to serve five years with the MDOC with three years suspended.
¶ 5. Martin claims that his May 1997 indictment for grand larceny resulted in his “first” guilty plea and that his “second” guilty plea in April 1998 on the same charge violates double jeopardy safeguards of our state and federal constitutions. We review the Mississippi Supreme Court’s application of the nolle prosse procedure and find that Martin’s logic is not rational.
¶ 6. In Walton v. City of Tupelo, 229 Miss. 193, 90 So.2d 193 (1956), Walton was arrested in early 1955 for keeping his grocery store open on the Sabbath, which was against the law in those days. In May, that charge was nolo prossed. Walton was arrested in late 1955 again for keeping his store open on the Sabbath and he pled nolo contendere in the police justice’s court. He appealed to the circuit court, wherein he was convicted in a trial on the merits. Walton claimed the constitutional double jeopardy provisions prohibited this subsequent prosecution. The Mississippi Supreme Court stated:
A nolle prosequi is not a bar to another indictment for the same offense, and ... an actual conviction or acquittal on the merits must be shown to support a plea of former jeopardy. The usual practice is that when a case is merely passed to the files at the instance of the prosecution, it may be later revived on motion and tried on its merits in the same court, but where a nolle prosequi is entered the particular case is at an end on the docket, but this does not bar another prosecution for the same offense if commenced in the court where the case originated, as was done in the instant case.
Walton, 90 So.2d at 195 (citations omitted). The Walton court affirmed Walton’s conviction. In the present case the situation is the same. Martin nolle prossed his first indictment, then was re-indicted and charged later on the same crime. Thus, according to the Walton rules, Martin’s guilty plea was properly received and his conviction and sentence did not violate constitutional double jeopardy provisions. One of our modern cases also affirms the Walton rule and states, “We find that the re-indictment for the same offense after an order of Nolle prosequi does not bar prosecution.” State v. Shumpert, 723 So.2d 1162 (¶ 3) (Miss.1998) (citations omitted).
¶ 7. The district attorney was within his statutory power to remove Martin from the pre-trial intervention program and to re-file the charges. As such, none of Martin’s constitutional rights were violated.
¶ 8. We also acknowledge that double jeopardy could not have been violated as such protection did not attach to Martin’s first proceeding. As described in Jones v. State, 398 So.2d 1312, 1317 (Miss.1981), jeopardy only attaches when the jury has been empaneled and sworn, and in Martin’s first proceeding, he never made it to the trial stage where such a jury would have been called. Thus, if Martin is counting, there can be no double jeopardy as this first incident cannot count as his “first” jeopardy since no jury was empaneled. Regardless, this issue is without merit for the aforestated reasons.
II. THE GUILTY PLEA OF THE APPELLANT WAS NOT ENTERED INTO KNOWINGLY, VOLUNTARILY, OR INTELLIGENTLY.
¶9. Martin argues his April 1998 guilty plea was not knowingly, voluntarily, or intelligently entered by virtue of his not being informed that such charge violated double jeopardy provisions of the U.S. and Mississippi constitutions. As stated in the first issue, though, we find that Martin’s *815 guilty plea did not violate double jeopardy principles. We also find that Martin’s plea was made knowingly, voluntarily and intelligently since Martin told the judge that he was satisfied with his attorney’s performance on his behalf, that he knew and understood the charges against him, and that he was aware of possible penalties. This issue is without merit.
III. THE TRIAL COURT WAS WITHOUT JURISDICTION TO IMPOSE SENTENCE UPON THE GUILTY PLEA OF THE APPELLANT.
¶ 10. With this issue, Martin re-argues that his plea of guilty violated double jeopardy rules and, as such, that the court was without jurisdiction to sentence him on the plea. However, as we stated in our discussion of Martin’s first issue, there was no double jeopardy violation and the court was within its power to sentence Martin for his crime. This issue is without merit.
CONCLUSION
¶ 11. Martin’s guilty plea was knowingly, voluntarily and intelligently entered and did not violate double jeopardy provisions of the Mississippi and U.S. constitutions. The trial court’s conduct was proper and we affirm on all issues.
¶ 12. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, MYERS, AND THOMAS, JJ, CONCUR. IRVING, J., CONCURS IN RESULT ONLY.

. The charge was downgraded to "petit larceny” for purposes of the pre-trial intervention program. Upon Martin’s disqualifying himself from the program, the district attorney-upgraded the charge to the original "grand larceny.”

. "In the event the offender violates the conditions of the program agreement: (a) the district attorney may terminate the offender’s participation in the program, (b) the waiver *814 executed pursuant to Section 99-15-115 shall be void on the date the offender is removed from the program for the violation, and (c) the prosecution of pending criminal charges against the offender shall be resumed by the district attorney." Miss.Code Ann. § 99-15-123(2) (Rev.1994) (emphasis added).